[Civ. No. 3065. First Appellate District, Division One.—December 16, 1919.]

## RICHARD SINNOTT, Appellant, v. MARIA SCHUMACHER et al., Respondents.

[1] BUILDING CONTRACTS—REQUIREMENT OF WRITTEN REPORT OF MATERIALS FURNISHED AND WORK INSTALLED—GENERAL STATEMENT INSUFFICIENT.—The mere general statement or conclusion of a contractor as to the percentage of materials received and work installed upon a building at the times he requires the installment payment upon the cost thereof does not amount to a compliance with a provision of his contract that he "shall furnish to the architect at each time when payments become due a written report setting forth the exact percentage of the work installed."

[2] ID.—FAILURE TO FURNISH REPORT—ABANDONMENT AND RESCISSION OF CONTRACT—QUANTUM MERUIT.—A building contractor who fails to furnish the written report as to the percentage of work done and materials furnished upon the structure required by the terms of his contract as a prerequisite to his right to receive the installment payments from time to time due or to become due thereon, has not placed himself in a position which will entitle him to demand or receive the first installment due or to become due upon said contract, or to abandon the contract and rescind the same and sue for the amount claimed to be due him upon *quantum meruit* by reason of the fact that the owner has failed to make such installment payment.

[3] ID.—ACTION FOR BREACH—ATTORNEYS' FEES.—Where a building contractor's bond, which is signed by both the surety and the contractor, expressly provides for the payment of attorneys' fees in the event of a breach of the conditions thereof, in an action by the owners against the contractor and the surety to recover the addi-

tional costs and expenses incurred in the completion of the building, after the abandonment of the work by the contractor, the allowance of attorneys' fees is proper.

[4] ID.—PENALTY FOR DELAY—EFFECT ON RIGHT TO DAMAGES FOR BREACH.—Where a contractor without sufficient cause abandons his contract and the owners are obliged to complete the building, the right of such owners to damages as a result of the contractor's breach of said contract is not affected or limited by a provision of the contract for a penalty for delay in the completion of the structure beyond the stipulated time for such completion.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Donahue, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles F. Hanlon for Appellant.

W. B. Rinehart for Respondents.

Frank P. Deering and James Walter Scott, as *Amici Curiae.*

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants and cross-complainants for the sum of $15,972 upon their cross-complaint against the plaintiff and the cross-defendant, Pacific Coast Casualty Company.

The action was one originally brought by the plaintiff against the defendants to recover the sum of $6,800.28, the alleged value of labor and materials furnished by said plaintiff to said defendants under a building contract for the erection of a structure for said defendants at a cost of fifty thousand dollars. The plaintiff entered upon the performance of said contract and proceeded therewith up to a time when, according to his complaint, the first installment would be due and payable to him under his contract, and he alleges that after repeatedly demanding the payment of this installment so that he might be enabled to proceed with his work under said contract, but failing to receive any portion of the same, he abandoned work upon said building for that reason and gave notice of the rescission of said contract, and thereafter commenced this action in *quantum meruit* for the reasonable value of the work and materials supplied by him upon said building. The defendants answered, admitting

the making of said contract, but denying that any installment was due or payable to the plaintiff at the time of his abandonment of such contract and of his notice of rescission thereof. The defendants also filed a cross-complaint against said plaintiff and against the Pacific Coast Casualty Company, his bondsman under said contract, by which they alleged that the said plaintiff's abandonment of his said contract and of the construction of said building was without cause, and that in consequence thereof said defendants were obliged to incur additional costs and expenses in the completion of said building amounting to a large sum, for which they prayed judgment upon their cross-complaint. The trial court found against the plaintiff upon his complaint and in favor of the defendants upon their cross-complaint, and thereupon rendered judgment against plaintiff and his said bondsman for the sum above stated. From such judgment the plaintiff and the cross-defendant, Pacific Coast Casualty Company, have taken this appeal.

The record in the case is quite voluminous, but the questions presented upon the appeal, when stripped of much of the involvement in their discussion in the elaborate briefs of counsel, would seem to be few and simple.

The first and in fact the main contention of the appellants is that a number of the findings of the court are not sufficiently supported by the evidence in the case. The first finding thus attacked is that portion of finding 10 which reads as follows:

"And the court further finds that said Richard Sinnott never at any time furnished to said owners or their architect any written report setting forth the exact or correct percentage of materials received at the building, or the exact or correct percentage of the work installed, but on the contrary demanded payment on and after the fourth day of December, 1914, for a percentage of work not installed and for a percentage of materials not received at the building far in excess of the actual percentage of work installed and materials received, to wit, for the sum of four thousand dollars or thereabouts."

This finding is an essential one, in view of the provisions of the contract between the parties, which contains the following stipulation:

"On the first day of each month as the work progresses a sum equal to seventy-five per cent of the actual value of the materials and labor incorporated into the said building . . . the architect shall compute the amounts at the times when the payments become due . . . the contractor shall furnish to the architect at each time when payments become due a written report setting forth the exact percentage of the materials ·received at the building and the exact percentage of the work installed."

We are unable to agree with the appellants' first contention. The only evidence upon which the appellants rely as supporting their claim that the uncontradicted evidence shows that the plaintiff (contractor) did in fact comply with the terms of the foregoing clause in the contract between the parties, consists in certain letters which the plaintiff wrote to the defendants or their architect which contained the general statement "that the exact percentage as near as is possible to make it of the materials received at the building is eight per cent thereof, and the exact percentage of the work installed as near as is possible to make it is eight per cent thereof. I also notify you that there is now due, owing, and unpaid to me as original contractor for the *pro rata* of materials received at the building, and the *pro rata* of the work installed, the sum of four thousand dollars, or eight per cent of the total contract price." [1] It will be noted that the terms of the foregoing clause in the contract with which the appellants claim that the above-quoted matter amounts to a compliance, read as follows: "The contractor shall furnish to the architect at each time when payments become due a written report setting forth the exact percentage of the materials received at the building and the exact percentage of the work installed." The purpose of requiring such a report from the contractor to be made to the architect is manifestly to enable the architect to correctly compute the amount of the installment which shall be due and payable to the contractor on the first day of each month as the work progresses; and it should require no argument to show that the mere general statement or conclusion of the contractor as to the percentage of materials received and work installed upon the building at the time he requires the installment payment upon the cost thereof does not

amount to a compliance with the foregoing provision of said contract.

But aside from this conclusion as to the sufficiency of the plaintiff's showing in the above respect, the appellants contend that the contract between the parties requires the architect of the building to supply to the contractor upon demand a blank form upon which to make out and furnish the information as to the percentage of work done upon the building required by the foregoing clause in said contract, and that the architect supplied the contractor with the wrong blank form, which the plaintiff filled in with certain data which amounted to an insufficient compliance with the terms of the contract. Conceding this to be true, there is nothing in the evidence to show that the contractor, upon receipt of said blank form from the architect and upon his discovery that it was insufficient, ever applied to the architect, as the contract requires, for the proper form or blank, and the finding of the trial court in this respect which the appellant assails is fully supported by the evidence in the record.

Aside from the foregoing considerations, however, we have examined the record carefully for the purpose of determining just what the evidence does disclose with respect to the plaintiff's compliance or failure to comply with the requirements of the contract above referred to, and from such examination we find that at or about the time when under the terms of the contract a first installment would be due and payable to the contractor thereon, and after the contractor had filled in the insufficient form and furnished the general statement as to the percentage of the work done and materials installed in the building, the architect and the contractor had several sessions together wherein the former undertook to get from the latter some exact statement as to the amount of work which had been done and materials furnished upon the building up to that time, as a result of which it appeared that the demand of the contractor for the payment of the sum of four thousand dollars, based upon his alleged general statement that eight per cent of the work had been done and materials furnished upon said structure, was far above the actual amount which would be due him thereon, and that at the conclusion of the several conferences between the architect and the contractor it

was agreed, and so stated by the architect, that immediately upon the said contractor furnishing the written report required by said contract and containing the facts and figures as to the amount of work done and materials furnished upon said building deduced from their said conferences, the proper sum due him as his first installment upon said contract would be paid. In respect to this phase of the testimony the appellants, however, insist that the architect coupled with his statement as to the acceptance of such report and payment of such installment a condition to the effect that an amount claimed to be due to a party named Sundberg for certain extra work which had been done in and about the foundations of said structure should be cut down to a sum much less than the actual cost of such extra work and the actual amount which said Sundberg would be entitled to receive or would accept therefor. The evidence, however, upon this subject is conflicting, the architect having stated that an actual computation of such extra work done by said Sundberg showed that the amount due him was no greater than the sum which he was willing to allow; and the architect further testified in that regard that said Sundberg had been notified by him prior to the doing of any such extra work that he was not to do such work at the expense of the owners.

If, however, it should be conceded for the sake of the argument that the contention of the appellants to the effect that said Sundberg was entitled to a larger amount for the extra work done by him than that which the architect was apparently willing to allow, this fact would not suffice to excuse the contractor for his failure to furnish the written report as to the percentage of work done and materials furnished upon said structure required by the terms of his contract as a prerequisite to his right to receive the installments from time to time due or to become due thereon. [2] Having failed to furnish said report, the contractor had not placed himself in position to properly demand or receive the first installment due or to become due upon said contract; nor was he placed in a position which entitled him to abandon said contract and rescind the same and sue for the amount claimed to be due him upon *quantum meruit* by reason of the fact that he had failed under such circumstances to receive said payment. We are of the opinion

that the evidence in the case fully sustains the findings and conclusion of the trial court in that respect, and hence that the contention of the appellants therein must be held to be without merit.

The appellants further assail a number of other findings by the trial court which all have their relation to the findings above considered in detail and which, upon an examination of the record, we find to be sufficiently sustained by the same evidence which sustains such former findings. In short, we have arrived at the conclusion that the entire substance of finding 10 is supported by the evidence in the case.

[3] The appellants also demur to the finding of the trial court wherein the sum of two thousand five hundred dollars as attorneys' fees was awarded to the defendants and cross-complainants herein, the contention of the plaintiff being that there was nothing in his contract with the defendants which permitted the allowance of attorneys' fees to them upon any breach by him of the terms of said contract. This would be a good contention were it not for the fact that the bond which was given by the plaintiff and his bondsmen, the Pacific Coast Casualty Company, expressly provided for the payment of attorneys' fees in the event of a breach of the conditions of said bond; and the record shows that said bond was signed, not only by the said surety company, but also by the plaintiff herein, with the necessary consequence that he, as well as his bondsmen, would be liable upon said bond.

[4] As to the appellants' contention that the court was in error in its finding and conclusion as to the amount of damages sustained by the defendants and cross-complainants by reason of the plaintiff's unjustified abandonment of work upon said building, and his failure, neglect, and refusal to complete the same, it may be stated that this contention is based upon the clause in the contract which relates to the matter of delay in the time of completion of said building and which purports to fix a penalty of fifty dollars per day for such delay; but this provision of the contract has no application to a condition wherein the contractor is shown to have abandoned his contract without sufficient cause, in which case the right of the defendants to damages as a result of the plaintiff's breach of said contract could not be

affected or limited by said provision of the contract for a penalty for delay in the completion of the structure beyond the stipulated time for such completion.

The foregoing review of this case covers, considers, and decides every material contention urged by the appellants upon this appeal.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 13, 1920.

All the Justices concurred.