SIX COMPANIES OF CALIFORNIA ET AL. *v.* JOINT HIGHWAY DISTRICT NO. 13 OF CALIFORNIA.

No. 267. Argued November 13, 14, 1940.—Decided December 9, 1940.

*Mr. Paul S. Marrin,* with whom *Messrs. Max Thelen, DeLancey C. Smith,* and *Jewel Alexander* were on the brief, for petitioners.

*Messrs. Archibald B. Tinning* and *Theodore P. Witt-schen* for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Six Companies of California, a contractor, brought this suit against respondent, Joint Highway District No. 13, to recover the reasonable value of materials and labor furnished under a contract. The contractor had under- taken to rescind for alleged breach by respondent and had stopped work. Respondent answered, alleging wrongful abandonment of the contract and by cross-complaint sought damages against the contractor and its sureties.

There was a clause in the contract for liquidated dam- ages in the amount of $500 a day in case of delay in completion.[1] The District Court found against the con-

---

[1] That clause provided:

"(d) Damages for Delay.—The Parties hereto expressly stipulate and agree that time is the essence of this contract. In case the work is not completed within the time specified in the contract or within such extensions of the contract time as may be allowed as herein provided, it is distinctly understood and agreed that the Contractor shall pay the District as agreed and liquidated damages and not as a penalty five hundred dollars ($500.00) for each and every working day which may elapse between the limiting date as herein provided and the date of actual completion of the work; said sum being spe- cifically agreed upon as a measure of damage to the District by reason of delay in the completion of the work; it being expressly stipulated and agreed that it would be impracticable to estimate and ascertain the actual damages sustained by the District under such circumstances; and the Contractor agrees and consents that the amount of such liquidated damages so fixed, shall be deducted and retained by the District from any money then due, or thereafter to become due, the Contractor."

tractor and its sureties and on the cross-complaint awarded damages which included $142,000 as liquidated damages for delay. The Circuit Court of Appeals affirmed the judgment. 110 F. 2d 620.

Petitioners contended that under the law of California the clause providing for liquidated damages did not apply to delay which occurred after the abandonment of the work by the contractor. This contention was overruled. The Circuit Court of Appeals expressly recognized that its decision in that respect was contrary to the decision of the District Court of Appeal in California in the case of *Sinnott* v. *Schumacher*, 45 Cal. App. 46; 187 P. 105. But the Circuit Court of Appeals thought that decision wrong and refused to follow it. We granted certiorari limited to the question whether there was error in that ruling. October 14, 1940.

In *Sinnott* v. *Schumacher*, *supra*, the suit was brought to recover the value of labor and materials furnished under a building contract. After part performance the contractor gave notice of rescission and abandoned work because of failure to receive the first installment of the agreed payment. Defendants denied that the installment was due and filed a cross-complaint against the contractor and his surety asking damages because of the abandonment of the work. The trial court found against the plaintiff on his complaint and in favor of the defendants on their cross-complaint, and entered judgment for damages. The District Court of Appeal affirmed the judgment. The Supreme Court of the State denied a petition for hearing in that court.

On the appeal to the District Court of Appeal, the plaintiff-appellant contended that the trial court erred as to the amount of the damages awarded, basing his contention upon the clause in the contract which provided for liquidated damages in a stipulated amount per day

in case of delay in completion.[2] The District Court of
Appeal held that the clause had no application to a case
where the contract had been abandoned without sufficient
cause. The court said:

"As to the appellants' contention that the court was
in error in its finding and conclusion as to the amount of
damages sustained by the defendants and cross-complain-
ants by reason of the plaintiff's unjustified abandonment
of work upon said building, and his failure, neglect, and
refusal to complete the same, it may be stated that this
contention is based upon the clause in the contract which
relates to the matter of delay in the time of completion
of said building and which purports to fix a penalty of

---

[2] The clause for liquidated damages in the contract in the *Sinnott*
case was as follows:

"Should the Contractor fail to complete this contract and the work
provided for within the time set for completion as aforesaid, due
allowance being made for the contingencies provided for herein, he
shall then become liable to the Owner for all loss and damages which
the Owner may suffer on account thereof, in the sum of Ten Dollars
per day, which the Contractor hereby agrees to deduct from his
contract price, for each day that the work shall remain unfinished be-
yond such time for completion, and the Owner agrees to pay to the
Contractor a bonus of Ten Dollars ($10) for each day that the work
may be completed before the time aforesaid for the completion.

"The agreement in this paragraph made for damages is made as
herein set forth for the reason that the actual damage which will be
sustained by the Owner by reason of the Contractor's breach of the
covenant to complete this contract within the time stated is from
the nature of the case impractical and extremely difficult to fix;
and one of the considerations moving the Owner to enter into this
contract with the Contractor is the agreement of the Contractor to
complete his said contract within the time herein stated and the
liquidated damages herein above stated for his failure to do so."

The plaintiff's contention under this clause was that the delay in
completion was not more than five days the damage for which under
the contract would amount to $50.

fifty dollars per day for such delay; but this provision of the contract has no application to a condition wherein the contractor is shown to have abandoned his contract without sufficient cause, in which case the right of the defendants to damages as a result of the plaintiff's breach of said contract could not be affected or limited by said provision of the contract for a penalty for delay in the completion of the structure beyond the stipulated time for such completion." [3]

Respondent urges that what was said by the District Court of Appeal in the *Sinnott* case with respect to the liquidated damage clause was a mere dictum. We do not so regard it. This part of the opinion of the court was its answer to the appellants' insistence that the judgment on appeal was erroneous because the liquidated damage clause had been disregarded and damages had been awarded in excess of the amount for which the contract provided. What the court said as to this was a statement of the ground of its decision. It was a statement of the law of California as applied to the facts before the court. It is said that there is a difference between the two cases. That difference appears to be that in the instant case the owner is seeking to apply the liquidated damage clause in order to recover from the contractor, while in the *Sinnott* case the contractor was seeking to limit the damage recoverable against him to the amount agreed upon. But, so far as the question concerns the applicability of the liquidated damage clause, the difference would not seem to be material, as by the terms of the clause in each case it appears to be intended to bind both parties when applicable. The ruling as to the law of California as

[3] Compare *Bacigalupi* v. *Phoenix Building Co.*, 14 Cal. App. 632, 639; 112 P. 892. See Williston on Contracts, Rev. Ed., Vol. 3, § 785, pp. 2210, 2211.

applied by the state court was that the stipulation in the contract as to the amount of damages in case of delay in completion was not applicable to delay after the contractor had abandoned the work. As the Circuit Court of Appeals said, that decision "is adverse to ours."

The decision in the *Sinnott* case was made in 1919. We have not been referred to any decision of the Supreme Court of California to the contrary. We thus have an announcement of the state law by an intermediate appellate court in California in a ruling which apparently has not been disapproved, and there is no convincing evidence that the law of the State is otherwise. We have fully discussed the principle involved in the cases of *West* v. *American Telephone & Telegraph Co., post,* p. 223, and *Fidelity Union Trust Co.* v. *Field, ante,* p. 169, and further amplification is unnecessary. See, also, *Rindge Co.* v. *Los Angeles,* 262 U. S. 700, 708; *Tipton* v. *Atchison, T. & S. F. Ry. Co.,* 298 U. S. 141, 151. The Circuit Court of Appeals should have followed the decision of the state court in *Sinnott* v. *Schumacher* with respect to the inapplicability of the liquidated damage clause in the event of the abandonment of work under the contract, and its judgment to the contrary is reversed. The cause is remanded for further proceedings in conformity with this opinion.

*Reversed.*