**ROMAN PRODUCTS CORP., Plaintiff-Appellant,**

v.

**DiCRASTO DAIRY AND FOOD PRODUCTS, INC., Patsy DiCrasto et al., Defendants-Appellees.**

**No. 323, Docket 30234.**

United States Court of Appeals
Second Circuit.

Argued April 7, 1966.

Decided June 3, 1966.

Martin J. Loftus, Newark, N. J. (Garbarini, Scher, DeCicco & Berardino, New York City, on the brief), for plaintiff-appellant.

William L. Clay, Rochester, N. Y., for defendants-appellees.

Before FRIENDLY and HAYS, Circuit Judges, and CLARIE, District Judge.*

CLARIE, District Judge.

The plaintiff-appellant is a New Jersey corporation engaged in the manufacture, sale, and distribution of frozen and refrigerated Italian foods under the trademark "Roman." This mark is claimed to have been first used August 19, 1947, and in interstate commerce since January 1948; however it was first filed in the United States Patent Office on November 1, 1954, and registered April 16, 1957.[1] The plaintiff's annual gross national sales now approximate five million dollars, but its primary market area presently exists in Connecticut, Massachusetts, New York, and Pennsylvania.

The defendants-appellees include the DiCrasto Dairy and Food Products, Inc., a New York Corporation, and its individual incorporators, officers, and agents. Since 1943, the DiCrasto family has conducted a dairy stand at 745 Penfield Road, in Penfield, a suburb of Rochester, New York. Not until 1947, did they commence to manufacture and sell at this outlet refrigerated or frozen pizzas under the commercial brand name "Roma." Their use of this brand name is claimed by the plaintiff to be a colorable imitation of its "Roman" trademark and is likely to cause confusion as to the source of Roma products among potential customers and thus constitutes an infringement of its trademark.

This action was brought under the Lanham Act, 15 U.S.C.A. § 1051 et seq. It seeks to enjoin the defendants' use of "Roma" as a trade name when related to the production and merchandising of Italian frozen foods, and in addition, it claims money damages and legal fees.

The district court dismissed the complaint on its merits. It concluded that the plaintiff did not have the exclusive right to use in commerce the trademark "Roman" on frozen or refrigerated Italian foods in the trading area of Rochester, New York, and vicinity. The Court based its findings on the prior use of the trade name "Roma" since 1947, by the defendants in that same trading area for the sale of the same or similar products. It concluded that the defendants by the use in trade of these various names: "Roman Brand," "Roma Packing," "Roma Food Specialties," "Roma Frozen Foods" and "Roma" on said foods, have not infringed the plaintiff's trademark rights in the contested Rochester marketing area. The trial court's judgment is affirmed.

The thrust of the appellant's attack is primarily addressed to the lower court's factual findings related to the defendants' prior use and to their lack of knowledge of the trademark "Roman," because it is claimed that such findings were clearly erroneous; also that the court erred when it did not find actual confusion in the trade name from the evidence and failed to apply the proper

---

* Of the District Court for Connecticut, sitting by designation.

1. Foods in connection with which mark is to be used and mode or manner in which mark is used. Frozen meat ravioli, cheese ravioli, meat sauce, mushroom sauce, pizza pies and manicotti, in class #46, #644,262.

legal standards in its determination of no infringement.

The district court had before it credible evidence that the plaintiff commenced selling Italian frozen foods in the New York Metropolitan area under the trade name "Roman" in 1947. During 1952–53, as its business enlarged, it expanded its market into Northern and Western New York State, including the City of Rochester. On November 1, 1954, the plaintiff filed a trademark application which was approved by the patent office on April 16, 1957. It described the products to which it was applicable: frozen meat ravioli, cheese ravioli, meat sauce, mushroom sauce, pizza pies and manicotti, in class #46.

The defendants, in 1947, simultaneously commenced the manufacture and sale at retail of refrigerated and frozen Italian foods under the trade name "Roma" from a small store in Penfield, New York. Their business flourished and in 1948 and 1949, they began to sell under the "Roma" trade name to independent stores in the Rochester area. By 1950, their products were being sold at wholesale to the grocery division of the Sibley's department store and in 1951 to the Wegman markets, a large grocery chain of twenty stores serving the Rochester area. The defendants' products were similar in kind to those of the plaintiff, their wholesale customers were potentially the same retail outlets and their ultimate consumers, the same people.

The factual findings of a trial court should not be set aside unless they are clearly erroneous; and due regard must be given to the opportunity of said court to judge the credibility of the witnesses. Rule 52(a), Fed.R.Civ.P. 28 U.S.C. This is especially true where, as in this instance, decision turns almost entirely on the credibility of the witnesses. Beggs v. Dougherty Overseas, Inc., 287 F.2d 80 (2d Cir. 1961).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

While conflicting evidence does exist on the time and circumstances of the defendants' claimed prior use of the trademark "Roma" in the restricted trading area, the Court is satisfied that there exists in the record a credible factual basis to support the trial court's findings. While the plaintiff's registered trademark was issued April 16, 1957, the defendants under the "Roma" mark, have since 1947 continuously sold Italian refrigerated or frozen food of that class attributed to the plaintiff's trademark.

The law anticipated the inequities, which might accrue to innocent users, who had acquired valid property rights in the mark before its lawful registration.[2] The defendants' good faith in adopting and initially using the "Roma" mark prior to the "Roman" registration is not tainted by their subsequent awareness of the plaintiff's use after formal issuance. Avon Shoe Co. v. David Crystal, Inc., 279 F.2d 607, 611 (2 Cir., 1960).

It is unnecessary to resolve the questions of validity and the likelihood of confusion between the two names. The judgment appealed from did not decide these issues, nor do we. Assuming, but not deciding, both the validity of the plaintiff's trademark and the likelihood of confusion, we find that the defendants have established a valid statutory defense to the charge of infringement. The judgment is affirmed.

2. 15 U.S.C. 1115(b) (5).