## MAYBEE v. SULLIVAN et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. BILLS AND NOTES ⬅️97—SALE OF LAND—MISREPRESENTATION—CONSIDERATION—DEFENSE.

Where plaintiff offered to sell defendants a one-fourth interest in a tract of land on the basis of the whole cost to plaintiff, which plaintiff falsely represented was $40,000, and defendants accepted the offer, paying plaintiff $5,000 cash, and giving their note for the remaining $5,000, it was a good defense to a suit on the note that the actual cost of the tract to plaintiff was but $19,000, and that defendants relying on such false statement, made the cash payment and gave the note, since the note was without consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166-173, 175–181, 185–192, 196–198, 200, 202–205, 208–212, 1372–1376; Dec. Dig. ⬅️97.]

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BILLS AND NOTES ⬦⟹452—SUIT ON NOTE—DEFENSE—FALSE REPRESENTA-
TION—DAMAGES—SUFFICIENCY.

    Since defendants were not seeking to recover damages, but were
simply resisting the enforcement of an obligation for want of considera-
tion, it was not necessary for them to show a pecuniary loss by reason
of such false representation, in order to defeat a recovery by plaintiff
on the note.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303,
1352–1364, 1267–1376; Dec. Dig. ⬦⟹452.]

Appeal from Trial Term, St. Lawrence County.

Action by John H. Maybee against William A. Sullivan and Fred
D. Sullivan. From a directed judgment against them and an order de-
nying a new trial, defendants appeal. Reversed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Thomas Spratt, of Ogdensburg, for appellants.

Conger & Orvis, of Gouverneur (Arthur W. Orvis, of Gouverneur,
of counsel), for respondent.

LYON, J. [1] This action has been brought on a promissory note
of $5,000, given by the defendants to the plaintiff of date March 2,
1907, due two months after date. Concisely stated, the defense is that
the plaintiff, being the owner of a tract of land in Canada, and de-
siring to sell a one-fourth interest therein to the defendants, for the
purpose of inducing the defendants to purchase said interest offered to
sell a one-fourth interest to them upon the basis of the cost of the
whole property to the plaintiff, which the plaintiff falsely and fraudu-
lently stated to defendants to have been $40,000, when in fact it was
but $19,000; that the defendants, relying upon such statement, pur-
chased such fourth interest, paying plaintiff therefor $5,000 in cash
and giving the plaintiff the note in suit; that the defendants did not
discover the fact that the cost of such one-fourth interest to plaintiff
was not $10,000, and but $4,750 until the year 1910, at which time the
property had been transferred to a corporation and the stock sold;
that up to the time of making such discovery the defendants had paid
interest aggregating $900 upon the note in suit, which, together with
the cash overpayment of $250, the defendants interposed as a counter-
claim, and demanded judgment for the aggregate sum against the plain-
tiff, as well as that the note in suit be declared to be void. The plain-
tiff served a reply denying the allegations of the counterclaim. The
trial court held that the allegations of the defendants did not constitute
a defense to the note, and denied the request of the defendants to go
to the jury on the question whether the alleged fraudulent representa-
tions had been made by the plaintiff to the defendants and whether the
defendants had acted upon the same, and the court directed judgment
against the defendants for the amount of the note, to all of which the
defendants duly excepted. From such judgment, and from the order
denying defendants' motion for a new trial, this appeal has been taken.

We think the court was in error, and that the facts alleged by defend-
ants constituted a defense. The agreement between the parties was

that the plaintiff should sell, and the defendants buy, the one-fourth interest upon the basis of what the plaintiff had paid for the tract. This was $4,750, not $10,000. The fact that the defendants, induced by the false representations of the plaintiff, may have paid in money and by giving the note in suit a greater sum than the plaintiff was entitled to receive does not give the plaintiff a greater right to retain the surplus money payment, or to enforce the collection of the note, than if the defendants had made the overpayment as the result of an error in computation. In either case the note would be given without consideration., Douglass v. Richards, 116 App. Div. 27, 101 N. Y. Supp. 299.

[2] It is to be observed that as to the note, the defendants are not in this action seeking to recover damages against the plaintiff, but are simply resisting the enforcement of an obligation alleged by them to be without consideration, and to have been procured by deceit and fraud. It is not necessary, therefore, for the defendants to show, in order to defeat a recovery upon the note, that they have suffered pecuniary loss in any particular sum by reason of the false representations of the plaintiff. Stewart v. Lester, 49 Hun, 58, 1 N. Y. Supp. 699.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.