CORAL GABLES, INC., Respondent, *v.* HARRY F. MAYER, Appellant.
(Consolidated Appeals.— Two Separate Actions.)

First Department, May 18, 1934.

*Theodore J. Miller* of counsel [*George Kirk, 3d,* with him on the brief; *Dunnington, Gregg & Church,* attorneys], for the appellant.

*Stephen B. Vreeland* of counsel, for the respondent.

TOWNLEY, J. These actions were brought against the defendant by the holder of certain promissory notes. The plaintiff is a real estate corporation engaged in the development of Coral Gables, Fla., and is the successor in interest to Coral Gables Corporation, the original developer of that section and the seller, in 1925, of certain lots to the defendant. According to the defendant, after five-sixths of the purchase price had been paid, the plaintiff corporation, as the successor of the seller, said that it would not be able to make certain improvements that had been promised and that good title could not be conveyed to at least three of the lots. For reasons not disclosed, the defendant agreed to exchange his equity in the eight original lots for four lots in a residential neighborhood. Defendant claims that at the time this exchange was made, the duly authorized agent of the plaintiff represented that these new lots were in a high grade residential neighborhood and it is conceded that this agent Strausz described many of the so-called attractive features of the section in which these new lots were located. He did not mention any of the objectionable features and there were such.

The issues at the trial on the notes on which there had been part payments were (a) that there had been a material misrepresentation in the description given of the property through failure to disclose the unpleasant surroundings along with the description of the good points, and (b) that plaintiff as the successor in interest

of all the assets of the original selling corporation was liable for a counterclaim on the defaulted bonds of the original corporation which defendant owned. These issues were left to the jury but on a charge and on a record which present such errors as make it necessary to order a new trial.

In the first place, evidence was excluded on the issue whether the obligation on the bonds was as matter of law assumed by the plaintiff corporation in view of the conveyance to plaintiff of the 18,000 lots forming the development. " The assets of a corporation are a trust fund for the payment of its debts upon which the creditors have an equitable lien both as against the stockholders and all transferees, except those purchasing in good faith and for value." (*Cole* v. *M. I. Co.*, 133 N. Y. 164.) Had defendant been allowed to show that plaintiff was such a transferee in relation to Coral Gables Corporation as did not take an indefeasible title, the jury might have found that there was a good counterclaim on this theory.

On the issue of fraud, after erroneously stating that as between the parties a promissory note was an instrument of greater solemnity than an ordinary contract (*Strong* v. *Sheffield*, 144 N. Y. 392), the learned trial court improperly refused to charge the request of defendant's counsel that the jury might take into consideration the omission on plaintiff's part to advise the defendant of the proximity of the obnoxious business developments. A failure to disclose vital facts may well lead a jury to believe that fraud has been committed and the jury should be so instructed. (*Churchill* v. *St. George Development Co.*, 174 App. Div. 1; 2 Williston Sales [2d ed.], § 631-a; *Arkwright* v. *Newbold*, 50 L. J. Ch. 372.) As was said in the *Arkwright* case, " Every word may be true; but if you leave out something which absolutely qualifies it, you may make it a false statement."

Reversible error was also committed when the court charged the jury that the defendant in order to succeed in his defense of fraud was obligated affirmatively to repudiate the transaction or begin an action for damages immediately upon the discovery of such fraud. These instructions were inapplicable to the present suit on a promissory note. (*Maybee* v. *Sullivan*, 171 App. Div. 111; Joyce Defenses to Com. Paper [2d ed.], 1924, § 222.) In 1 Page on Contracts ([2d ed.] § 349) the rule is given as follows: " If the defrauded party has been induced to give a negotiable instrument by fraudulent representations as to collateral facts, he is not obliged to resort to equity, but he may wait until an action at law is brought upon such negotiable instrument, and he may then set up such fraud as a defense."

In view of these errors in the instructions to the jury and in the exclusion of testimony, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

As for the companion appeal from the determination of the Appellate Term decided herewith, facts were set up in the affidavit in opposition to the motion for summary judgment which raised a triable issue. The determination of the Appellate Term and the order of the City Court should be reversed, with twenty dollars costs and disbursements in this court, and ten dollars costs and disbursements in the Appellate Term, and the motion denied, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

Determination appealed from and the order of the City Court reversed, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs and disbursements in the Appellate Term, and the motion denied, with ten dollars costs.