Van Voobhis, J.
Between October 17 and December 21, 1956 appellant discounted for respondent five promissory notes totaling $5,250 face amount, each made by Michael R. Stein. Respondent is a plumber by trade, and received these notes from Stein for plumbing work performed for him by respondent. Stein later was adjudicated bankrupt and discharged. Respondent likewise went through bankruptcy, receiving his discharge December 6, 1957. Prior to respondent’s bankruptcy, appellant entered judgment against him on these promissory notes. The indebtedness was listed in his bankruptcy schedules.
Now that this judgment has been discharged by bankruptcy, • appellant has brought this action upon the same indebtedness on a theory that the bank was induced by fraud to discount the notes on which the judgment was obtained. Appellant avers that it was ignorant of the alleged fraud when judgment was entered upon the same indebtedness in the former action, and that it should, therefore, be allowed to prosecute this action in fraud so as to escape the bar of bankruptcy.
However that may be, the Appellate Division dismissed the complaint on the facts and the law in this memorandum:
*339 ‘ ‘ Fraud will not be presumed and he who alleges fraud must prove it by a fair preponderance of the credible evidence. There is neither proof of deliberate concealment of material facts with intent to defraud nor, as we view the record in light of some of the findings stated in the opinion, is there evidence of reckless disregard of the truth.”
We think that the Appellate Division was correct in reaching this conclusion. The basis for the charge of fraud is a financial statement which respondent filled out under the supervision of the bank manager when three other notes were discounted seven months earlier. Those notes were paid. No new statement was obtained when the notes in suit were discounted. The evidence conflicts concerning whether the old financial statement was mentioned when the new notes were discounted. In reversing the findings of fact contained in the opinion of Special Term to the effect that respondent intended to conceal information concerning his financial condition, the Appellate Division probably included reversal of the finding that respondent stated that there had been no material change in his financial condition. In either event, appellant did not sustain the burden of establishing fraudulent intent. Special Term found no fraud in the listing of respondent’s life insurance policies, and that finding was affirmed by the Appellate Division. The only basis on which any fraud was found by Special Term is in the listing of respondent’s real estate, which was carried in the asset column in the form of two items of $3,500 each. The detailed explanation subjoined to the statement supports only one item of $3,500. Since this appears on the face of the statement, it is curious that the bank manager, if he examined the statement, made no inquiry concerning the other $3,500 item. Respondent testified that the other item represented a separate holding in another real estate corporation. He did say that, six months after the statement had been given to the bank, he sold his interest in both real estate holding corporations for $2,500. The resulting discrepancy between the latter sum and the $7,000 carried on the statement made half a year before these properties were sold has given rise to this charge of fraud in obtaining the later loans. Assuming that the remark which respondent denies was made, that his financial condition had not materially changed between the date of the statement and the *340 discounting of these later notes, it does not follow that he intended to defraud. Respondent had recently completed plumbing work for which he had received $5,200 in notes which was an asset not listed on the statement. For aught that appears to the contrary, his condition had improved in the meantime. It has to be borne in mind that, as the Appellate Division said, fraud must be proved and is not presumed. Respondent is clearly not a bookkeeper. It does not follow that he has been guilty of a fraud.
The judgment appealed from should be affirmed, with costs.