OPINION OF THE COURT
Bernard Fuchs, J.
On March 25, 1980, plaintiff sold and delivered a Dodge van to defendant Carmel Plastic Corp. Defendant Sam C. Carmel acted, as he did throughout, for the corporation. A $500 deposit had been paid and the $4,360 balance of the price was due on delivery. Plaintiff claims the balance was never paid and sues to recover it.
A verdict of $4,360 was returned against each defendant. Under the jury’s instructions, the verdict against the individual defendant was permissible only if they found that he had obtained the van with intent to deprive plaintiff of the payment by fraudulently permitting plaintiff’s employees to believe mistakenly that payment had been made.
Defendants move for judgment notwithstanding the verdict. Two of the grounds are: (i) plaintiff has not met the *697 burden of proving fraud by clear and convincing evidence and (ii) there was no evidence of fraud. Clear and convincing evidence is, however, not the quantum required. The cases cited by defendants in support of that standard were all suits for reformation. When the action is, like the present one, for deceit, a preponderance is sufficient. (Chemical Corn Exch. Bank v Wassung, 7 NY2d 337, 339; Young v Hutchinson, 14 AD2d 562; see Richardson, Evidence [10th ed], § 97.)
The second ground of the motion really argues that defendants’ conduct did not constitute a misrepresentation. Implicit in the verdict were findings, supported by the evidence, that when defendant Sam Carmel went to plaintiff’s premises to take delivery of the van, plaintiff’s employees mistakenly thought themselves paid. Mr. Carmel accepted the van without payment and without disclosing defendants’ nonpayment. His intention was to deprive plaintiff of $4,360.
Those actions imply a misrepresentation. By accepting the van, defendant Sam Carmel represented to plaintiff that defendants had satisfied the condition of payment. That was the only way his conduct could be understood, considering the error of plaintiff’s employees. If the misrepresentation was incomplete or equivocal, failure to disclose nonpayment nevertheless constituted a deliberate suppression of facts “necessary to prevent his partial or ambiguous statement * * * from being misleading”. (Restatement, Torts 2d, § 551, subd [2], par [b]; 24 NY Jur, Fraud and Deceit, § 112; Junius Constr. Corp. v Cohen, 257 NY 393.)
The case is unchanged if Mr. Carmel’s intentions were innocent when he arrived at plaintiff’s premises, for he quickly learned “that the other [party] was about to act in reliance upon” the misrepresentation implied by his acceptance of delivery. (Restatement, Torts 2d, § 551, subd [2], par [d]; 24 NY Jur, Fraud and Deceit, § 108; and see Warren Bros. Co. v New York State Thruway Auth., 34 AD2d 97, affd 34 NY2d 770.)
There was no evidence of overt misrepresentation. Putting aside the foregoing analysis, the question is raised whether defendants’ mere silence was fraudulent.
*698 Absent some confidential relationship or defendant’s responsibility- for misleading, partial information, recoveries based on silence have riot ordinarily been permitted. (Moser v Spizzirro, 31 AD2d 537, affd 25 NY2d 941; Perin v Madeline Realty Co., 5 AD2d 685, affd 6 NY2d 920; 24 NY Jur, Fraud and Deceit, §§ 105, 114; Prosser, Torts [4th ed], § 106; Restatement, Torts 2d, § 551.) There are, nevertheless, cases which denounce as fraudulent the knowing silence everi of nonfiduciariés who have done little or nothing to mislead.
In Noved Realty Corp. v A.A.P. Co. (250 App Div 1) the price of a mortgage was reduced to account for á superior lien, discharge of which, unknown to the seller, was secured by an escrow deposit. The buyer’s silence was held to be fraudulent. Bank v Board of Educ. (305 NY 119) held fraudulent an employer’s nondisclosure to one of several contractors whose work was to be integrated, that letting of two contracts would be deferred. In Downey v Finucane (205 NY 251) it was fraudulent to withhold disclosure that dividends represented as paid had not been earned. And see Warren Bros. Co. v New York State Thruway Auth. (supra, p 99): “silence may constitute fraud where one * * * has notice that the other is acting upon a mistaken belief as to a material fact”.
See, also, Lord Constr. Co. v Edison Portland Cement Co. (234 NY 411) (seller’s unstated intention to halt deliveries at contract termination when requested slowing of delivery schedule would prevent completion before termination, held fraudulent if intended to deceive); Coral Gables v Mayer (241 App Div 340; 246 App Div 518, affd 270 NY 670) (fraudulent not to disclose commercial development adjoining truthfully described residential area); Junius Constr. Corp. v Cohen (257 NY 393, supra) (realty seller’s silence about a street to be opened, fraudulent where two others mentioned); Donovan v Aeolian Co. (270 NY 267, 271): “Where failure to disclose a material fact is calculated to induce a false belief, the distinction between concealment and affirmative misrepresentation is tenuous. Both are fraudulent”; W- v B- (17 Misc 2d 432) (former wife’s nondisclosure to former husband of remarriage *699 which would terminate alimony held fraudulent); D'Alessandra v Manufacturers Cas. Ins. Co. (106 NYS2d 564) (bailbond surety’s nondisclosure to cosurety that prisoner already released on bail, held fraudulent).
These authorities pronounce a duty to reveal facts basic to the transaction which the other party has misapprehended. They rightly decline to indorse the “dubious business ethics of the bargaining transactions with which deceit was at first concerned”. (See Prosser, Torts [4th ed], p 696.) When, as here, “the advantage taken [by silence] of the plaintiff’s ignorance is * * * shocking to the ethical sense of the community”, no lesser policy will suffice. (See Restatement, Torts 2d, § 551, comment l.)
The equal availability to both sides of the facts as to payment in the present case does not excuse defendants’ silence. For defendants had to know plaintiff was relying on a basic misconception. Nor could plaintiff’s error be seen by defendants as a matter of judgment or opinion. The only intention consistent with defendants’ action was the fraudulent one which the jury found.
It is no longer acceptable, if ever it was, to conclude in knowing silence, a transaction damaging to a party who is mistaken about its basic factual assumptions when, like the present plaintiff, he “would reasonably expect a disclosure”. (Restatement, Torts 2d, § 551, subd [2], par [e].) Plaintiff was entitled to rely even on a bargaining adversary to disclose such a fact as nonpayment.
Motion denied. Judgment will be entered on the verdict.