**PdP PARFUMS DE PARIS, S.A., Plaintiff,**

v.

**INTERNATIONAL DESIGNER FRAGRANCES, INC., Kay Merchandising International, Ltd. Barry Kay and Rama Krishna Cherukuri, Defendants.**

No. CV 95–1391.

United States District Court, E.D. New York.

Oct. 23, 1995.

Tanner Propp & Farber, New York City by Sharman Propp, for Plaintiff.

Law Offices of Vito R. Vincenti, P.C., New York City by Bart Eagle, for Defendants International Designer Fragrances, Inc. and Rama Krishna Cherukuri.

Barry S. Schwartz, New York City by Patrick Jermyn, for Defendants Kay Merchandising International Ltd. and Barry Kay.

## ORDER

SPATT, District Judge.

This action was commenced by the plaintiff, PdP Parfums de Paris, S.A. ("PdP") on or about April 6, 1995, claiming damages for breach of contract and fraud against the defendants (1) Kay Merchandising International, Ltd. ("KMI"); (2) KMI's president, Barry Kay; (3) International Designer Fragrances, Inc. ("IDF"); and (4) Rama Krishna Cherukuri ("Cherukuri"), an officer of IDF. Jurisdiction is based on diversity of citizenship. The plaintiff is a Swiss corporation in the business of manufacturing, distributing and selling perfumes. The defendant Kay is a citizen of New York and his company, the defendant KMI, is a Delaware Corporation. The defendant Cherukuri is a citizen of New York and IDF is a New York corporation. The defendants are in the business of distributing perfumes.

The defendant Kay moves the Court for an order pursuant to Fed.R.Civ.P. 9 and 12(b)(6) dismissing the sixth, seventh and eighth causes of action, which claim damages for fraud, for failure to state a cause of action and for failure to comply with the pleading requirements of Rule 9. The defendant Cherukuri moves the Court for the same relief with regard to the seventh and eight causes of action.

## BACKGROUND

The complaint alleges that PdP entered into a written distributorship agreement with KMI on November 29, 1993, which provided that KMI would be the exclusive U.S. distributor of Alain Delon perfumes. Goods were shipped to KMI for sale and distribution in December of 1993 and KMI acknowledged receipt of the goods. On February 8, 1994, PdP sent invoice # 2051 to KMI for $128,-900.00 to KMI for the goods that were delivered to KMI. Upon notification by KMI that some of the goods were defective, PdP issued a credit note to KMI in the sum of $60,-423.36. PdP alleges that it performed all of its duties under the distributorship agreement, but never received the balance $68,-476.64 due for the balance owing on invoice # 2051 after the credit was deducted.

The claims of fraud against Kay and Cherukuri arise from negotiations regarding the distributorship agreement and a subsequent amendment to the distributorship agreement. The complaint first alleges that Kay made certain misstatements about his marketing

capability that induced PdP to enter into the distribution agreement. The complaint also alleges that after the agreement was signed, Kay notified the plaintiff in January of 1994 that he had "become partners" with Cherukuri and that Kay's company, KMI had changed its name to International Designer Fragrances, Inc. PdP alleges that Kay sought to amend the distributorship contract to reflect the name change. A written "contract amendment" document is annexed to the complaint and reads as follows: "The trading name of Kay Merchandising International Ltd. has changed in the contract and will forthwith be known as: International Designer Fragrances Inc." This document was signed by Barry Kay over the name International Designer Fragrances Inc. on March 12, 1994 and executed by the plaintiff on April 28, 1994. The complaint alleges that the name change was a misrepresentation and that KMI and IDF at all times remained separate and distinct entities. The complaint further alleges that Kay and Cherukuri sought to substitute IDF as a party to the distributorship so that Cherukuri could obtain a $70,000.00 loan that was contingent on it having the distributorship and using the goods that PdP shipped to KMI as security for the loan.

The complaint alleges that in July, 1994, Cherukuri falsely stated to PdP that he had no involvement with the goods that had been shipped to KMI. The complaint further alleges that at the time Cherukuri was disclaiming involvement with the goods, he and Kay were actually selling the goods on the "Israeli grey market" for $50,000, when the fair market value of which goods was allegedly $79,000.00. PdP alleges that sale of the goods at below market value on the Israeli grey market injured PdP's reputation as a "legitimate vendor of high-quality designer perfumes" and diverted profits on legitimate PdP goods.

## DISCUSSION

### A. Standard guiding a motion to dismiss

■ On a motion to dismiss for failure to state a claim, "the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plain-

tiff can prove no set of facts in support of his claim which would entitle him to relief' ". *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052–53 (2d Cir.1993). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken". *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993); *see also Rent Stabilization Ass'n of the City of New York v. Dinkins,* 5 F.3d 591, 593–94 (2d Cir.1993) (citing *Samuels,* 992 F.2d at 15).

■ It is not the Court's function to weigh the evidence that might be presented at a trial, the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman,* 754 F.2d at 1067, and in doing so, it is well settled that the court must accept the allegations of the complaint as true, *see LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs, Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 1022 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice". Fed.R.Civ.P. 8(f).

### B. Standard for pleading fraud

■ Fed.R.Civ.P. 9(b) states that fraud allegations must be stated with particularity, except that malice, intent, knowledge, or other state of mind may be averred generally. The purpose of this Rule is to provide the defendant with fair notice of the claim, to

protect the defendant's reputation against improvident charges of wrongdoing and to protect a defendant against strike suits. *See O'Brien v. National Property Analysts Partners,* 936 F.2d 674 (2d Cir.1990). Plaintiffs are permitted to demonstrate the scienter element by inference, but they must plead a factual basis which gives rise to a strong inference of fraudulent intent. *Id.* Speculation and conclusory allegations do not fulfill the pleading requirements of Rule 9. *Id.*

▮ Rule 9(g) requires that special damages must be specifically stated. Special damages are those that are not the necessary result of the complained of act and the plaintiff should allege facts upon which to predicate recovery of such damages. *See Steinberg Press v. Charles Henry Publications,* 68 N.Y.S.2d 793 (Sup.Ct.Kings Co.1947).

## C. The elements of fraud

▮ Both defendants' motions seek dismissal of the fraud claims against them. Under New York law, the elements of fraud are (1) a misrepresentation (2) as to a material fact (3) which was false (4) and was known to be false by the defendant (5) that was made for the purpose of inducing the plaintiff to rely on it (6) that the plaintiff did rely upon (7) not knowing of its falsity (8) to his injury. *See e.g. Cohen v. Koenig,* 25 F.3d 1168 (2d Cir.1994). The Court will review each of the challenged claims to determine whether these elements have been pleaded.

## D. Damages

Both defendants argue that the complaint seeks special damages with regard to harm to reputation, but fails to describe how its reputation has been damaged. The defendants contend that in this way the complaint fails to meet the requirements of Rule 9(g), which provides that special damages must be specifically stated.

▮ The Court declines to dismiss the complaint based on alleged pleading defects with regard to damages. Failure to state the correct measure of damages in a fraud action does not entitle the defendant to dismissal for insufficiency. *See* 60 N.Y.Jur.2d § 226 *Fraud and Deceit* (citations omitted).

▮ The Court notes, however, that to recover damages for fraud, a plaintiff must establish that the misrepresentations caused him a direct and proximate injury, which is independent of other causes. *Kregos v. Associated Press,* 3 F.3d 656 (2d Cir.1993). "New York law awards only 'out-of-pocket' expenses in fraud cases, entitling plaintiffs to damages solely for their actual pecuniary losses." *Id.* Neither speculative nor remote claims are recoverable in fraud. *Id.; see also Delcor Laboratories v. Cosmair,* 169 A.D.2d 639, 564 N.Y.S.2d 771 (1st Dep't 1991) (out of pocket losses and consequential damages available in fraud action "but loss of future profits is noncompensable as a matter of law").

## E. The sixth cause of action, which is against Kay only

▮ Kay first argues that the sixth cause of action, which claims that Kay fraudulently induced PdP to enter the distribution agreement, should be dismissed. The complaint alleges that Kay stated to PdP that KMI was capable of marketing PdP's products in the U.S. through a network of independent contractors and consultants. PdP alleges that this is a material misrepresentation in that KMI had no such marketing network and that the misstatement was made by Kay with the intent of having PdP rely upon it. The complaint also alleges that PdP shipped more than $100,000 in goods to KMI in reliance on the stated marketing capability and as a result has suffered damage to its U.S. market and to its business reputation. The Court finds that the complaint sets forth all of the elements of fraud, namely an intentional false material misrepresentation by the plaintiff, upon which the plaintiff relied resulting in damages.

▮ Kay argues that the complaint merely alleges that he made statements to the plaintiffs about his intentions, expectations and anticipations with regard to marketing PdP's products, and that such allegations do not constitute actionable fraud. Kay is correct that mere puffery or opinions as to future events do not state a claim for fraud. *See Cohen, supra,* 25 F.3d 1168. However,

where a concrete misrepresentation is made, it will support a fraud claim. *Id.; see also Stewart v. Jackson & Nash,* 976 F.2d 86 (2d Cir.1992). The complaint alleges that Kay stated falsely that he had a network of independent consultants and contractors. Such a statement relates to an existing fact, not a future event, and therefore can support the fraud claim.

Kay also argues that PdP had no right to rely on his representations as to his marketing capabilities, when such information was readily available to PdP and could have been discovered had PdP investigated. In determining whether a party should be able to rely on the seller to make full disclosure in a particular case, the Second Circuit observed that there is a

> tendency in New York to apply the rule of "superior knowledge" in an array of contexts in which silence would at one time have escaped criticism. [citations omitted]. 'It is no longer acceptable, if it ever was, to conclude in knowing silence, a transaction damaging to a party who is mistaken about its basic factual assumptions when ... he would reasonably expect a disclosure.' *Gaines Serv. Leasing Corp. v. Carmel Plastic Corp.,* 105 Misc.2d 694, 697, 432 N.Y.S.2d 760 (N.Y.Civ.Ct.1980), *aff'd without opinion,* 113 Misc.2d 752, 453 N.Y.S.2d 391 (N.Y.App.Term 1981). New York has joined other jurisdictions in limiting the "privilege to take advantage of ignorance," *Restatement* [Second, of Torts] § 551 cmt. 1; *accord Chiarella v. United States,* 445 U.S. 222, 247–48, 100 S.Ct. 1108, 1124–25, 63 L.Ed.2d 348 (1980) (Blackmun, J., dissenting), and has rejected "the dubious business ethics of the bargaining transactions with which deceit was first concerned," Prosser [Handbook on the Law of Torts] at 696; *accord Gaines Serv.,* 105 Misc.2d at 697, 432 N.Y.S.2d 760.

*Sanford Brass v. American Film Technologies, Inc.,* 987 F.2d 142 (2d Cir.1993). It is the Court's view that under the circumstances it was reasonable for PdP to rely on the representations that Kay made about his marketing network.

"A plaintiff is not allowed to 'dress up' a breach of contract claim as a fraud claim, [but] a valid fraud claim may be premised on misrepresentations made before the formation of the contract that induced the plaintiff to enter the contact." *Id.* In the Court's view such a valid claim is stated in the sixth cause of action.

## F. The seventh cause of action for fraud against both Kay and Cherukuri

■■■ The seventh and eighth causes of action relate to the amendment to the distribution agreement that substituted IDF for KMI. The complaint alleges that Kay falsely stated that KMI was changing its name to IDF, when no such change had occurred, and that Kay made the false representation with the intention of inducing PdP to agree to the amendment. The complaint further alleges that PdP agreed to amend the contract relying on the information that other party was still KMI, when the amendment actually replaced a separate and distinct business entity, namely IDF, as the other party. The complaint alleges that by virtue of the contract amendment the defendants wrongfully used PdP goods (that had not been paid for) to secure a loan and then sold the goods below market value diverting profits from legitimate PdP products and causing damages to the plaintiff. The elements of fraud, material misrepresentation, intent, reliance and injury are sufficiently pleaded as to Kay.

■■■ The seventh cause of action alleges fraud against Cherukuri for failing to inform PdP of (1) the true purpose of the amendment and (2) the fact that amending the contract to substitute IDF for KMI was not a name change, but a substitution of parties. The issue with regard to Cherukuri is whether he had a duty to speak. The Second Circuit discussed the duty to disclose as follows

> New York recognizes a duty by a party to business transaction to speak in three situations: first, where the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth [citations omitted]; second, when the parties

stand in a fiduciary or confidential relationship with each other [citations omitted]; and third, 'where one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge. [citations omitted].

*Sanford Brass, supra,* 987 F.2d 142. Of these three possibilities, only the third may be applicable to Cherukuri. As discussed above, where the parties have equal opportunity to obtain information, such information is "readily available," and each party is expected to protect itself in a business transaction. *Id.* However, a party is not expected to "unearth facts and defects that are present but not manifest." *Id.* The plaintiff here alleges that Cherukuri failed to disclose that his company, IDF, was a separate business entity from KMI and was being substituted for the original party to the distribution agreement, by virtue of the amendment. In the Court's view, it is reasonable to expect that such information would be disclosed.

 However, as to Cherukuri, the complaint fails to allege that Cherukuri had any contact whatsoever with PdP during the time that the amendment was being negotiated and executed; his signature does not appear on the amendment document. In the absence of such an allegation, it is not clear that the duty to disclose arose. Accordingly, the seventh cause of action against the defendant Cherukuri is dismissed for failure to state a cause of action upon which relief may be granted.

As the plaintiff has sought leave to replead any claims that are dismissed, and as the Court cannot say that it would futile to permit the plaintiff to do so, leave to replead this claim is granted. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (setting forth the liberal standard for granting leave to amend).

## G. The eighth cause of action for intentional fraud against Kay and Cherukuri

The eighth cause of action depends on the same allegations as the seventh cause of action discussed above, but sets forth a different injury. The claim in this cause of action is for damage to reputation and good will as a result of the defendants' sale of PdP's goods at below market value, with some of the goods being sold in a defective condition. With regard to this injury the complaint alleges that "PdP suffered injury to its reputation as a legitimate vendor of high-quality designer perfumes."

As discussed above, the allegations of the complaint are sufficient to state a cause of action for fraud with regard to the sale of the plaintiff's goods facilitated by the allegedly fraudulently induced amendment to the distribution agreement as to Kay. As to Cherukuri, the complaint alleges that he met with PdP in July of 1994 and stated falsely that he had no possession of, or involvement with, the goods in question when he actually was arranging, with Kay, the sale of the goods on the grey market in Israel. PdP alleges that it relied on the Cherukuri's alleged misrepresentation by not taking measures to prevent the grey market sale and was injured as a result of the grey market sale.

 The complaint does not expressly state that Cherukuri's statements were made with the intent to mislead PdP. However, construing all inferences in favor of the plaintiff, as the Court must on a motion to dismiss, it is apparent that the facts pleaded support an inference that Cherukuri acted with knowledge and intent. Rule 9 permits general averments of state of mind. In the Court's view the complaint states a claim upon which relief may be granted in the eighth cause of action against Cherukuri.

As discussed above, the Court declines to dismiss the claims, on a Rule 12(b)(6) motion, based on the pleading of damages. However, the Court refers to its earlier statements regarding the measure of damages in a fraud action.

### CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the complaint by the defendant Kay is denied; it is further

588

ORDERED, that the motion to dismiss the seventh cause of action by the defendant Cherukuri is granted; it is further

ORDERED, the plaintiff is granted leave to replead the seventh cause of action against the defendant Cherukuri; it is further

ORDERED, that any amended complaint must be served and filed within thirty days of the date of this Order; and it is further

ORDERED, that the motion to dismiss the eighth cause of action by the defendant Cherukuri is denied.

SO ORDERED.