**Jo–Ann TEEL, Plaintiff,**

**v.**

**UNITED TECHNOLOGIES PRATT & WHITNEY, Government Engines & Space Propulsion, a.k.a. Pratt & Whitney, a division of United Technologies Corp., Defendant.**

**No. 96–8405–CIV.**

United States District Court, S.D. Florida.

Feb. 17, 1997.

Melissa Negron–Blondet, Lane & Blondet, P.A., Ft. Lauderdale, FL, for Plaintiff.

Patricia E. Lowry, Mark B. Roberts, Steel Hector & Davis L.L.P., West Palm Beach, FL, for Defendant.

*ORDER GRANTING MOTION TO STRIKE AND STRIKING WITHOUT PREJUDICE THE PRAYER FOR PUNITIVE DAMAGES ON ALL CLAIMS UNDER FLORIDA LAW*

HURLEY, District Judge.

This matter comes before the court upon a motion to strike. Upon review of the record and the applicable case law, and for the reasons given below, the motion is granted.

## I. FACTS

This litigation concerns alleged incidents of gender harassment against plaintiff Jo-ann Teel by employees of defendant Pratt & Whitney. After this court's order granting in part a motion to dismiss, the remaining counts are three: sexual harassment under Title VII; defamation; and invasion of privacy. The latter two of these claims arise under the laws of the state of Florida and are before the court in its supplemental jurisdiction. On both the state law claims, Ms. Teel, prays for punitive damages. Defendant Pratt & Whitney now moves to strike this prayer, pursuant to Rule 12 of the Federal Rules of Civil Procedure, arguing that section 768.72, Florida Statutes (1995), precludes such pleading.

## II. DISCUSSION

### A. Section 768.72, Florida Statutes

Section 768.72 states the following requirements:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. ... No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

§ 768.72, Fla.Stat. (1995).

Ms. Teel appears willing to concede that § 768.72 applies, a view which coincides with other district courts in Florida.[1] However, the applicability of this statute to claims arising under Florida law is a matter of some

---

1. *Cf. Martin v. Honeywell, Inc.*, 1995 WL 868604 (M.D.Fla. July 18, 1995) (Bucklew; J.) (holding § 768.72 a substantive limitation on punitive damages which federal courts must apply); *Marcus v. Carrasquillo*, 782 F.Supp. 593, 600–01 (M.D.Fla.1992) (Kovachevich, J.) (same); *Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F.Supp. 1444, 1446 (M.D.Fla.1989) (Melton, J.) (same); *accord, T.W.M. v. American Medical Sys., Inc.*, 886 F.Supp. 842 (N.D.Fla.1995) (Vinson, J.) (same). *But see In re Edgewater Sun Spot, Inc.*,

dispute in the Southern District of Florida.[2] No case from the Eleventh Circuit has resolved the dispute—most likely because a decision to apply or to reject § 768.72 is not immediately appealable and because the harm from an erroneous rejection of the statute falls most heavily on parties who settle in the face of unwarranted punitive damages claims and financial worth discovery. *See Kingston Square*, 792 F.Supp. at 1579 (quoting *Plantation Square*, 761 F.Supp. at 1573). Furthermore, for the cases that go to trial, the likelihood of an issue for appeal is reduced by the additional check provided by the trial court in submitting to the jury only those claims for punitive relief which are supported by the evidence at trial.[3] Without an appellate opinion on point and because of the lack of consensus within the district, the applicability of § 768.72 remains an essential issue for the court to determine today.

■ The cases from this district that have considered § 768.72 divide along their characterization of it. Most of the early cases considered the statute to be a pure matter of state pleading, inapplicable to federal court. *See Citron*, 721 F.Supp. at 1262; *Kingston Square*, 792 F.Supp. at 1579. Later cases have taken a more nuanced approach, dissecting the statute into both a pleading component and a discovery component. *See Al–Site*, 842 F.Supp. at 509; *Plantation Square*, 761 F.Supp. at 1576–81. According to these later cases, the last sentence of the statute—forbidding discovery of financial worth prior to an evidentiary hearing—creates the restriction on discovery. *Al–Site*, 842 F.Supp. at 509; *Plantation Square*, 761 F.Supp. at 1572–73. The balance of the statute, then,

serves as the restriction on pleading that the earlier case law recognized. *See Al–Site*, 842 F.Supp. at 509; *Plantation Square*, 761 F.Supp. at 1572–73. The merit of this two-part analysis has been confirmed by the Florida Supreme Court which, in a slightly different context, declared that "section 768.72 create[s] a substantive legal right not to be subject to a punitive damages claim *and* ensuing financial worth until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." *Globe Newspaper Co. v. King*, 658 So.2d 518, 519 (Fla.1995) (emphasis added) (discussing interlocutory review of the statute). Thus, the statute is properly treated as having two parts.

■ Among the cases which bifurcate the statute, there is universal agreement that the discovery component applies as substantive law for claims in federal court which arise under Florida law. *See Al–Site*, 842 F.Supp. at 511; *Plantation Square*, 761 F.Supp. at 1580; *see also Sanders*, 942 F.Supp. 571, 576 n. 5. Still, the applicability of the pleading component of § 768.72 remains in dispute, with the *Plantation Square* court finding it procedural and therefore irrelevant in federal court and with the *Al–Site* court finding the opposite. *Compare Plantation Square*, 761 F.Supp. at 1576 (finding pleading component inapplicable) *with Al–Site*, 842 F.Supp. at 514 (finding the opposite). This split of authority, in light of the ubiquity of the statute, requires the court to analyze the matter anew. Thus, the court now determines whether the pleading component of § 768.72 must be viewed as binding on the federal courts.

---

154 B.R. 338 (Bankr.N.D.Fla.1993) (reaching opposite conclusion).

**2.** *Compare Sanders v. Mayor's Jewelers, Inc.*, 942 F.Supp. 571 (S.D.Fla.1996) (Lenard, J.); *Al–Site Corp. v. VSI Int'l, Inc.*, 842 F.Supp. 507 (S.D.Fla. 1993) (Atkins, J.); *Bankest Imports, Inc. v. ISCA Corp.*, 717 F.Supp. 1537 (S.D.Fla.1989) (Spellman, J.), where judges applied the statute, *with Blount v. Sterling Healthcare Group, Inc.*, 934 F.Supp. 1365 (S.D.Fla.1996) (Ungaro–Benages, J.); *Wisconsin Inv. Bd. v. Plantation Square Assocs., Ltd.*, 761 F.Supp. 1569, 1576–81 (S.D.Fla. 1991) (Hoeveler, J.); *Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.*, 792 F.Supp. 1566

(S.D.Fla.1992) (Paine, J.); *Citron v. Armstrong World Indus.*, 721 F.Supp. 1259 (S.D.Fla.1989) (Nesbitt, J.), and cases cited therein, where judges rejected the statute as merely state procedure.

**3.** *See Citron*, 721 F.Supp. at 1262 (citing *NAL II., Ltd. v. Tonkin*, 705 F.Supp. 522, 529 (D.Kan. 1989)). This so-called "check," however, invokes hindsight to moot on appeal the very question which the court faces today: whether a party should be spared the threat of punitive damages and related discovery from the very inception of suit.

## B. The Applicability of § 768.72 to Pleading Punitive Damages in Federal Court

Determining whether § 768.72 applies to the pleading of punitive damages for claims arising under Florida law depends on the *Erie* Doctrine. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This doctrine requires federal courts to apply the substantive law of a state when deciding state claims, provided the Constitution or federal law does not require otherwise. *Id.* The purpose is to prevent forum shopping and changes in the outcome of the litigation between state and federal forums. When the state law to be applied appears to traverse the Federal Rules of Civil Procedure, however, a specialized form of the *Erie* analysis is required to determine which law governs. *See Hanna v. Plumer,* 380 U.S. 460, 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8 (1958).

*Hanna* holds that Federal Rules of Civil Procedure, where they conflict with state law, are governed by the Rules Enabling Act ("REA"), 28 U.S.C. § 2072, the statute under which the Federal Rules of Civil Procedure are prescribed. If a conflict exists, then the REA requires displacement of only those federal rules which abridge, enlarge or modify any substantive right under state law without justification in the U.S. Constitution or federal law. *Hanna,* 380 U.S. at 473, 85 S.Ct. at 1145. If, however, there is no conflict with the Federal Rules, then a conventional *Erie* analysis is required, and all substantive state law must be applied to avoid the twin problems of inequitable administration of the law and forum shopping. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 752, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980); *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142 (discussing the "twin aims" of the Erie rule). Since § 768.72 affects pleading issues which are also governed by the Federal Rules of Civil Procedure, the court must first determine the applicability of *Hanna.*

### 1. A Hanna v. Plumer Analysis for Conflict with the Federal Rules

A *Hanna* analysis is required only if § 768.72 actually conflicts with the Federal Rules. *Id.* at 472–74, 85 S.Ct. at 1144–46. Those cases which have found a conflict focus on two rules in particular: Rule 8(a) and Rule 9(g). *Cf. Plantation Square,* 761 F.Supp. at 1574–75 (finding conflict with the "notice pleading" purposes of the Rules as embodied by Fed.R.Civ.P. 8(a)); *Citron,* 721 F.Supp. at 1261 (finding conflict with Fed. R.Civ.P. 9(g)).

Rule 8(a) provides in relevant part: "[a] pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief the pleader seeks." Fed. R.Civ.P. 8(a) (1996). Rule 9(g) expands on Rule 8(a) as follows: "[w]hen items of special damage are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g) (1996). Punitive damages are special damage within the meaning of Rule 9(g). *Citron,* 721 F.Supp. at 1261.

True to the uncertainty which surrounds § 768.72 in this district, even the cases which find a conflict with the Federal Rules differ as to which particular rule creates the conflict. For example, in *Plantation Square,* the court considered whether Rules 8(a) and 9(g) conflicted with § 786.72. Despite the fact that Rule 9(g) specifically required the pleading of punitive damages, the court found no conflict between it and the statute because the rule was silent as to *when* such damages must be pleaded. *Plantation Square,* 761 F.Supp. at 1574 (emphasis in original). In the context of Rule 8(a), however, the *Plantation Square* court considered the evidentiary threshold imposed by § 768.72 to be a threat to the minimal notice requirements that the rule embodies. *Id.* at 1574–75. The *Plantation Square* court's fear was that the Florida statute, if applied to federal pleading, would turn pleading practice into a miniature adjudication in its own right. *Id.* at 1574. Construing this possible outcome as a conflict between Rule 8(a) and the statute, the *Plantation Square* court followed the second prong of *Hanna* by applying the Rules Enabling Act. *Id.* Under the Rules Enabling Act, the court held that § 768.72 did not create a substantive right which was abridged by Rule 8(a). *Id.* at

1575–76 (distinguishing *Smith v. Department of Ins.,* 507 So.2d 1080 (Fla.1987)). Thus, § 768.72 did not displace Rule 8(a) and did not apply to the pleading of punitive damages on claims which arise under Florida law in federal court. *Id.* at 1576.

In *Citron,* by contrast, the court conducted a *Hanna* analysis but found no conflict between § 768.72 and Rule 8(a). *Citron,* 721 F.Supp. at 1261. Instead, the court found a conflict with Rule 9(g). *Id.* The straightforward rationale of the *Citron* court was that "Rule 9(g) unambiguously requires a plaintiff to set forth a demand for punitive damages in its complaint." *Id.* Turning next to the Rules Enabling Act, to see whether the conflicting Federal Rule 9(g) improperly abridged a substantive right created by § 768.72, the *Citron* court made an analogy to another statute, § 768.28, Florida Statutes—the pre-suit notice requirement for tort actions against the state—which has been ruled not to be substantive for purposes of the Erie doctrine. *Id.* at 1261–62 (citing *Lundgren v. McDaniel,* 814 F.2d 600, 606 (11th Cir.1987) and § 768.28(6), Fla.Stat.). By equating the pre-suit waiting period of § 768.28 with the prohibition on unwarranted punitive damages of § 768.72, the *Citron* court concluded that § 768.72 must likewise be non-substantive. *Id.* Therefore, the *Citron* court declined to apply § 768.72 to the pleading of punitive damages on state law claims in federal court. *Id.*

Still a third judge in this district, Judge Atkins, has found no conflict with the Federal Rules of Civil Procedure and thus resorted to a straight-forward *Erie* analysis, unguided by *Hanna* and the Rules Enabling Act, to determine that § 768.72 applies in diversity actions. *See Al–Site Corp. v. VSI Int'l, Inc.,* 842 F.Supp. 507, 512–13 (S.D.Fla.1993). In *Al–Site,* Judge Atkins essentially agreed with the *Plantation Square* court that Rule 9(g) was silent as to when punitive damages must be pleaded and then noted that Rule 8, particularly subsection (a)(2), required no additional showing besides a "short and plaint statement of the claim." *Id.* at 512 (quoting Fed.R.Civ.P. 8(a)(2)). Finding no conflict between this language and the text of § 768.72, the *Al–Site* court turned to a con-

ventional *Erie* analysis. *Id.* at 513. Looking to equalize the administration of substantive law between state and federal courts, as *Erie* requires, the *Al–Site* court concluded that failing to apply § 768.72 to pleading in federal court would give federal litigants an "unearned bargaining chip" relative to litigants in state court. *Id.* (citing *Plantation Square,* 761 F.Supp. at 1579–80).

The court based this notion on the threatening nature of unrestrained pleading, especially when the close linkage between federal pleading and discovery compels disclosure of all facts relevant to all disputed facts alleged with particularity in the complaint. *Id.* (discussing the 1990 amendments to Fed. R.Civ.P. 26(a)). It was feared that these factors would result in the inequitable application of the law and thereby cause the very forum shopping that the Erie Doctrine forbids. *Id.* As a result the *Al–Site* court concluded that "[t]he right to be free from discovery related to punitive damages is created by Florida's statute as a whole and must be applied as a whole." *Id.* at 514.

With three such contrasting opinions on whether § 768.72 conflicts with the Federal Rules, the court is left to conduct its own *Hanna* analysis, looking first for conflict with Federal Rules 8 and 9. Taking Rule 8 first, the court finds no express conflict. Although precedent seems to have focused on the requirement of a "short and plain statement of a claim" that is required by subsection (a)(2), the more relevant portion of Rule 8 appears to be subsection (a)(3). This subsection requires that a claim for relief include "a demand for judgment for relief the pleader seeks." Fed.R.Civ.P. 8(a)(3). Relevant case law makes clear that Rule 8(a)(3) is satisfied by a simple request for "any concise statement identifying the remedies and the parties against whom relief is sought." *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir.1993) (quotation omitted). By itself, Rule 8(a)(3) does not require that punitive damages ever be pleaded, principally because Rule 54(c) commands that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.

R.Civ.P. 54(c); *see Hawkins v. Frick–Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir.1946) (citation omitted) (reversing summary judgment because of trial court's overly strict construction of the pleadings). Significantly, even if Rule 8(a)(2) or (a)(3) were construed to require the pleading of punitive damages, there is no requirement as to *when* they need be pleaded, much as the *Al–Site* and *Plantation Square* courts noted in the Rule 9(g) context. Thus, Rule 8 cannot be said to be facially or operationally in conflict with § 768.72.

■ Consideration of Rule 9(g) leads to the same conclusion. Rule 9(g) requires "[w]hen items of special damage are claimed, they shall be specifically stated." Fed.R.Civ.P. 9(g). Thus, if any rule is implicated by § 768.72, it is Rule 9(g). However, even Rule 9(g) is also silent as to *when* punitive damages must be pleaded, as both the *Al–Site* and *Plantation Square* courts have noted. *See Al–Site*, 842 F.Supp. at 512; *Plantation Square*, 761 F.Supp. at 1574. Accordingly, by conditioning the right to claim punitive damages on an evidentiary showing, § 768.72 does no violence to Rule 9(g). It merely affects the time at which the mandate of Rule 9(g) becomes relevant. In other words, Rule 9(g) does not apply until the right to plead punitive damages first accrues under § 768.72.

■ The lack of any specific timing requirement under Federal Rules 8 and 9 is significant because it highlights the "free amendment" practice of the Federal Rules of Civil Procedure. *See Plantation Square*, 761 F.Supp. at 1575 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1202, at 68 (2d ed. 1990)). Free amendment means that the pleadings will be amended as discovery reveals the contours of the case. *Cf.* Fed.R.Civ.P. 15(a) (requiring that leave to amend be "freely granted"). It is the free amendment policy of the Federal Rules that makes mere notice pleading possible. Far from conflicting with the basic notice requirements of the Federal Rules, as the court feared in *Plantation Square*, § 768.72 accords with this most basic assumption about the development of a lawsuit. Thus, in keeping with the conclusion of

the court in *Al–Site*, it is the conclusion of this court that the pleading component of § 768.72 does not conflict with any of the Federal Rules of Civil Procedure. Accordingly, the answer to the question of whether §. 768.72 should be applied in federal court turns not on the high standard of *Hanna* and the Rules Enabling Act, but on the more conventional Erie analysis: whether § 768.72 is of a sufficiently substantive nature that it must be applied to prevent forum shopping or the inequitable administration of the law. *See Walker*, 446 U.S. at 752, 100 S.Ct. at 1986; *Hanna*, 380 U.S. at 468, 85 S.Ct. at 1142.

### 2. An Erie v. Tompkins Analysis for Inequitable Administration of the Law

■ Much recent precedent in this district has recognized that § 768.72 is substantive under *Erie*, at least as regards its discovery component. *See Al–Site*, 842 F.Supp. at 511 (whole statute substantive); *Plantation Square*, 761 F.Supp. at 1580 (discovery component substantive); *see also Sanders*, 942 F.Supp. at 576 n. 5. For additional guidance on whether the statute as a whole is substantive, the court also looks to the recent Florida Supreme Court case of *Globe Newspaper Co. v. King*, 658 So.2d 518, 519 (Fla.1995). In *Globe*, the high court had to determine whether § 768.72 was of sufficiently substantive a nature to allow the interlocutory appeal of pretrial motions which raised the statute as a restriction on pleading punitive damages. *Id.* at 519. The rule of the case, embraced even by the dissent, is that "section 768.82 create[s] a substantive legal right not to be subject to a punitive damages claim *and* ensuing financial worth until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." *Id.* .(emphasis added). This substantive interpretation of § 768.72 by the Supreme Court of Florida is longstanding. *Cf. Smith v. Department of Ins.*, 507 So.2d 1080, 1092 (Fla.1987) (holding § 768.72 a valid for scheme for implementing substantive rights against a challenge that the statute invaded the powers of the judiciary to control procedure).

Although precedent in this district properly notes that the Florida Supreme Court does not necessarily determine what is "substantive" for purposes of the Erie Doctrine, see *Citron,* 721 F.Supp. at 1261; *Al–Site,* 842 F.Supp. 507, its holdings may still be dispositive. Generally, where the appellate courts of a state have interpreted a state statute to have substantive effect, the federal courts are bound to apply it accordingly, provided it does not contradict the Constitution or federal law. *Tipton v. Atchison, T. & S.F. Ry. Co.,* 298 U.S. 141, 148, 151–52 & n. 12, 56 S.Ct. 715, 717, 718–19 & n. 12, 80 L.Ed. 1091 (1936) (applying state law in federal court in a precursor case to *Erie).* Having found no conflict above between the statute and the only relevant federal law in this case—the Federal Rules of Civil Procedure—the court is bound by the determination of the Supreme Court of Florida. Precedent from the Middle District of Florida concurs in this view. *Marcus,* 782 F.Supp. at 600 (collecting cases).

■ Even if the court were not bound to treat § 768.72 substantively, the court reaches the same conclusion independently. It is a general principle of Florida jurisprudence that substantive law is enacted by the legislature and that procedural law is reserved to the Supreme Court of Florida. *See Marcus,* 782 F.Supp. at 600. While not conclusive for *Erie* purposes, this principle illuminates the typical posture of Florida Statutes as the source of substantive rights under codified state law. In tacit recognition of this principle, this court has uniformly applied other Florida statutes substantively in federal court, despite their effect on federal pleading. For example, § 624.155(1)(b)(1), Florida Statutes, creates a cause of action for bad faith in the settlement of insurance claims which, according to Florida common law, cannot be pleaded prior to resolution of the underlying breach of insurance contract claim. *Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So.2d 1289, 1291 (Fla.1991) (certified question from the Eleventh Circuit). Despite the liberal pleading policies of the Federal Rules, federal courts adhere to this state law in abating allegations of bad faith in insurance-related diversity cases. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 931 F.2d 789 (11th Cir.1991) (per curiam) (pronouncing judgment in accord with answer of Supreme Court of Florida to certified question). Like the statute addressed in the *Blanchard* cases, § 768.72 is properly viewed as a statute which prevents a claim from accruing prior to a court ruling.[4] Thus, the statute clearly has a substantive effect on the right to plead and to pursue punitive damages.

When claims arising under Florida law are litigated in federal court, the substantive nature of § 768.72 in restricting the available remedies is even more clear, principally because of the close, and perhaps even indivisible, link between federal pleading and federal discovery. As noted by the *Al–Site* court above, the mandatory disclosure of all information related to the pleadings under Rule

4. As noted previously, the *Citron* court likened § 768.72 to a different statute, § 768.28, Florida Statutes. *See Citron,* 721 F.Supp. at 1261–61. Section 768.28 requires a six month pre-suit waiting period as part of Florida's waiver of sovereign immunity in tort actions. This pre-suit waiting period has seemingly been treated as procedural—and therefore inapplicable in federal court—under *Erie. See Lundgren v. McDaniel,* 814 F.2d 600, 606 (11th Cir.1987) (reviewing district court's refusal to dismiss case for non-compliance with pre-suit notice requirement of § 768.28).

However, an analogy to § 768.28 may not be a helpful one. For example, the waiting period required by § 768.28 is materially distinguishable from the outright bar to unsupported punitive damages claims that is posed by § 768.72. In fact, it is just such a distinction, among others, that underlies the Middle District of Florida's uniform determination that § 768.72 is substantive under *Erie,* despite *Lundgren. See Lancer Arabians, Inc. v. Beech Aircraft Corp.,* 723 F.Supp. 1444, 1446 (M.D.Fla.1989) (distinguishing § 768.72 from § 768.28 under *Erie* ).

Furthermore, the Eleventh Circuit's characterization of § 768.28 in *Lundgren,* upon which the *Citron* court relied in making its analogy, also presents a special case because the appellate court actually considered § 768.28 *arguendo* to create a substantive right and then found that the federal court's procedural approach to implementing the statute, which differed from the normal state court approach, did not disturb the assumed substantive right. *Lundgren,* 814 F.2d at 606. Thus, if anything, *Lundgren* merely says that *Erie* was avoided, not that § 768.28 is wholly procedural. For all of these reasons, the court finds analogy to § 768.28 unhelpful in elucidating the present question.

26 of the Federal Rules would induce premature production of financial worth information and create an "unearned bargaining chip" if § 768.72 did not restrict pleading of the punitive remedies sought in federal court. *Id.* at 513. Under current practice, the *Al-Site* court's conclusion remains correct and is even reinforced by the structure of the Local Rules pertaining to discovery. For example, Local Rule 16.1.B provides that the parties must meet prior to any scheduling conference with the court to exchange "all documents reasonably available to a party which are then contemplated to be used in support of the allegations of [a party's] pleading." S.D.Fla.L.R. 16.1.B.1 (April 1996). In other words, the Local Rules contemplate that the discovery process will commence without court intervention and, in doing so, they convert one's pleading into a license to discover. While under the bifurcated analysis of *Plantation Square, supra,* an alert party could petition the court to exempt it from financial worth discovery, such a step would require the very judicial intervention that the Federal Rules and the Local Rules seek to avoid. It would also create an administrative burden for the court in tracking those cases where the pleadings exceed the scope of approved discovery. Finally, such a practice may also risk placing a party in non-compliance with the discovery rules pending the court's ruling on the need to disclose financial worth information.

Thus, while it may be possible in theory to divide § 768.72 into a discovery component and a pleading component, no such ready distinction exists in practice. If the statutory right to be free from financial discovery and punitive damages claims is to be given any practical effect in federal court, it must apply to pleading as well. To avoid the forum-shopping and inequitable administration of the law that *Erie* warns against, § 768.72 must be treated as a substantive its entirety, and the pleading of punitive damages must be guided accordingly. Properly applied, § 768.72 bars a prayer for punitive damages for claims under Florida law unless and until reasonable proof is adduced of an entitlement to such damages. At that time, and only that time, amendment of the pleadings becomes appropriate, and the dictates of Rules 8(a)(3) and 9(g) apply.

## III. DECRETAL PROVISIONS

For the foregoing reasons, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1. The defendant's motion to strike is **GRANTED.**

2. Plaintiff's prayer for punitive damages in the *ad damnum* clause of the complaint is **STRICKEN** without prejudice as to all counts arising under Florida law.