**TUTOR TIME CHILD CARE SYSTEMS, INC., and Lifecare Acquisitions Corp., Plaintiffs/Counter–Defendants,**

v.

**FRANKS INVESTMENT GROUP, INC., Rae W. Franks, and Al A. Franks, Defendants/Counter–Plaintiffs/Third Party Plaintiffs,**

v.

**Michael WEISSMAN and Richard Weissman, Third Party Defendants.**

**No. 96–8868–CIV–RYSKAMP.**

United States District Court,
S.D. Florida.

June 4, 1997.

---

Ellen R. Lokker, Gwendolyn A. Powell, Hogan & Hartson, Washington, DC, Ace J. Blackburn, Jr., Cooney Mattson Lance Blackburn Richards & O'Connor, Fort Lauderdale, FL, for plaintiffs.

Steven Sloane Newburgh, West Palm Beach, FL, Keith T. Grumer, Grumer & Levin, P.A., Ft. Lauderdale, FL, for defendants.

## ORDER DENYING MOTION TO STRIKE

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon defendants' Motion to Strike Claims for Punitive Damages [DE 36], filed May 22, 1997. Plaintiffs have moved for an extension of time to file a responsive memorandum. Upon review of the issue presented in defendants' motion, the Court concludes that the motion must be denied, thus obviating any need for plaintiffs to file a response.

Defendants' motion raises a single issue that has divided the judges of the Southern District of Florida for some time. Defendants argue that plaintiffs' demand for punitive damages should be stricken because it fails to comply with the pleading requirements of section 768.72 of the Florida Statutes. This District's judges have reached differing issues as to whether the statute's pleading requirement should apply in federal diversity actions.[1] The undersigned has briefly considered this issue on previous occasions. In *Frio Ice, S.A. v. SunFruit,* 724 F.Supp. 1373, 1383 (S.D.Fla.1989), *rev'd on other grounds,* 918 F.2d 154 (11th Cir.1990), the undersigned assumed, without discussion, that section 768.72 does apply in diversity cases. In more recent unpublished opinions, however, the Court followed what appeared to be the majority position in the Southern District, and held that the statute's pleading requirement does not bind federal litigants. *See Fletcher v. North River Shores Property Owners' Ass'n, Inc.,* Case No. 96–14124–CIV–RYSKAMP (Order Denying Motion to Strike, September 19, 1996); *Taylor v. Lee,* Case No. 96–8170–CIV–RYSKAMP (Omnibus Order, March 12, 1997). Due to the frequent recurrence of this issue, and the fact that the Eleventh Circuit may never have the opportunity to resolve it, the Court believes that a full discussion of section 768.72's application in diversity actions is warranted.

Section 768.72 provides as follows:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rule of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

The Florida Supreme Court has "read 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." *Globe Newspaper Co. v. King,* 658 So.2d 518, 519 (Fla.1995); *see also Smith v. Department of Insurance,* 507 So.2d 1080, 1092 n. 10 (Fla.1987) (section 768.72 creates substantive rights). Thus, if the statute applies at the pleading stage, plaintiffs demand for punitive damages must be stricken.

Several courts have recognized that section 768.72 contains two requirements, one concerning pleading and the other concerning discovery. As Judge Hurley recently noted in *Teel v. United Technologies Pratt & Whitney,* 953 F.Supp. 1534, 1536 (S.D.Fla.1997), the judges of the Southern District of Florida have unanimously agreed that the discovery portion of the statute applies as substantive law for claims in federal court. The Court finds no reason to disagree with this analysis

---

1. Judge Hurley's recent opinion in *Teel v. United Technologies Pratt & Whitney,* 953 F.Supp. 1534, 1536 n. 2 (S.D.Fla.1997) ably collects the opinions on both sides of the issue.

at this juncture, but would simply remark that the substantive right to be free from financial discovery absent a proper pleading of punitive damages means very little if the liberal standards of the Federal Rules of Civil Procedure, and not the first half of section 768.72, govern at the threshold stage. At present, however, the Court need only decide whether the statute's pleading requirement applies to federal litigants.

It is of course old hat that the day of the "brooding omnipresence in the sky" has passed and that federal courts sitting in diversity must apply the common and statutory law of the relevant state. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Indeed, as applied to state statutes such as section 768.72, this precept predates even Erie, which only overruled *Swift v. Tyson's* erroneous holding that the Rules of Decision Act, 28 U.S.C. § 2072, did not require federal adherence to state common law precedents. In *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the Court set forth the test that a district court must follow when considering a conflict between the Federal Rules of Civil Procedure and state law. "The initial step is to determine whether, when fairly construed, the scope of Federal Rule 38 is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." *Burlington Northern R.R. Co. v. Woods,* 480 U.S. 1, 4–5, 107 S.Ct. 967, 969, 94 L.Ed.2d 1 (1987), *citing Walker v. Armco Steel Corp.,* 446 U.S. 740, 749–50, 100 S.Ct. 1978, 1984–85, 64 L.Ed.2d 659 (1980); *Hanna,* 380 U.S. at 471–72, 85 S.Ct. at 1143–45. If no such conflict exists, the substantive state law applies under a conventional *Erie* analysis. *See Walker,* 446 U.S. at 740, 100 S.Ct. at 1979–80; *Ragan v. Merchants Transfer & Warehouse Company,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). If, however, the state law and federal rule conflict, the Court must apply the federal rule only, unless it appears that the federal rule was not adopted pursuant to a

constitutional delegation of authority in the Rules Enabling Act, 28 U.S.C. § 2072.[2]

Accordingly, the Court must first consider whether section 768.72 conflicts with any federal rule. As several other judges have noted, Rules 8(a) and 9(g) are the logical candidates. Rule 8(a) provides that a claim for relief need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief ... and a demand for judgment for the relief the pleader seeks." Rule 9(g) provides that "[w]hen items of special damages are claimed, they shall be specifically stated." The judges of the Southern District of Florida have reached a number of differing conclusions as to whether either of these rules conflicts with the statute. In *Wisconsin Inv. Bd. v. Plantation Square Assocs., Ltd.,* 761 F.Supp. 1569, 1573 (S.D.Fla.1991), Judge Hoeveler held that section 768.72 conflicts with Rule 8(a), but not 9(g). Judge Nesbitt found just the opposite in *Citron v. Armstrong World Indus., Inc.,* 721 F.Supp. 1259, 1262 (S.D.Fla. 1989)—that the statute conflicts with 9(g) but not 8(a). Judges Atkins and Hurley have found that the statute conflicts with neither federal rule. *See Teel,* 953 F.Supp. at 1539; *Al-Site Corp. v. VSI Int'l, Inc.,* 842 F.Supp. 507, 512–13 (S.D.Fla.1993). Filling out the range of logical possibilities, the Court now holds that section 768.72 conflicts with both rules.

Rule 8(a) contains two separate requirements that might be thought to conflict with section 768.72. Subsection 8(a)(2) contains the "short and plain statement" standard which embodies the liberal notice pleading concept of federal practice. Subsection (a)(3) requires that the plaintiff state in the complaint what sort of relief he seeks. "[A]ny concise statement identifying the remedies and the parties against whom relief is sought" fulfills this requirement. *Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir.1993), *citing* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 at 366 (2d ed.1990). Thus, Rule 8 establishes both a floor and a ceiling for the

---

**2.** Of course, given that the Supreme Court itself has promulgated the Federal Rules pursuant to the Rules Enabling Act, a district court would find itself in a rather awkward position in invalidating one of the rules.

pleading of the complaint. The plaintiff must at least give a coherent short and plain statement of the nature of his claim and identify the relief he seeks. By setting this floor, the rule also sets a ceiling on what the court and the opposing parties can require of the plaintiff. A court cannot say to the plaintiff, "Yes, you have met your short and plain statement and demand for relief requirements, but before I allow this case to proceed, I want to see a more detailed complaint." *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting heightened pleading requirement in § 1983 cases against municipalities). The Court therefore concludes that any state statute imposing a pleading requirement stricter than that of Rule 8 conflicts with the Federal Rules.[3]

In his recent *Teel* opinion, Judge Hurley found that section 768.72 does not conflict with Rule 8 because Rule 8 specifies the "how" of pleading, but not the "when." 953 F.Supp. at 1539. In other words, the short and plain statement standard remains in effect, but the plaintiff cannot offer such a short and plain statement until he has made a record showing of facts sufficient to support the claim. Respectfully, the Court believes that this reading misconstrues the outworking of section 768.72. The Florida Supreme Court has made clear that section 768.72 forbids a party even to raise a punitive damages claim in its complaint without prior leave of the Court. *Simeon, Inc. v. Cox,* 671 So.2d 158, 160 (Fla.1996). Before permitting such a punitive damages claim, the Court must first "make a legal determination that the kind of claim in suit is one which allows for punitive damages under [Florida] law." *Henn v. Sandler,* 589 So.2d 1334, 1335–36 (Fla. 4th DCA 1991). Thus, "the legal sufficiency of the punitive damage pleading is also in issue in the section 768.72 setting." *Id.*

Judge Hurley's position appears to be predicated upon the assumption that a diversity jurisdiction litigant may pursue the following course in seeking punitive damages: first, plead the cause of action in the complaint without demanding punitive damages; second, move the court for an allowance to plead punitive damages; and third, amend the complaint to add the federally required short and plain statement and demand for relief under the federal "free amendment" policy of Rule 15(a). But what is the second step of this waltz if not a mini-complaint for punitive damages? According to *Henn,* this request for permission to add a punitive damages claim must plead the punitive damages issue in a legally sufficient manner, presumably by alleging facts sufficient to sustain an award of punitive damages. *See also McDonald v. Dade County Public Health,* 677 So.2d 23, 24 (Fla. 3d DCA 1996) (plaintiff may satisfy 768.72 by making a proffer of evidence sufficient to support claim for punitive damages); *Key West Convalescent Center v. Doherty,* 619 So.2d 367, 369 (Fla. 3d DCA 1993) (plaintiff must proffer evidence sufficient to support finding that conduct was willful, wanton, and intentional). The net effect of the statute is to create satellite pleadings for punitive damages in which the Federal Rules have no sway, not to mention satellite proceedings to determine the factual propriety of the satellite plead-

---

3. The Court's holding does not conflict with the principle that state substantive law may overlay federal rules of procedure whose requirements are narrower than those created by state law. For example, in *Ragan,* 337 U.S. at 530, 69 S.Ct. at 1233, the Supreme Court held that a state statute providing that only the service of a summons tolled the statute of limitations could be applied in a federal diversity action despite Rule 3's provision that a civil action begins with the filing of a complaint. In that case, the federal rule and the state statute did *not* conflict, because the federal rule did not equate the filing of the complaint with the tolling of the statute of limitations. The present case comes closer to the facts of *Burlington Northern.* There, the Court held that Alabama's "mandatory affirmance penalty," providing for a 10% penalty on lost appeals from money judgments, conflicted with Rule 38 of the Federal Rules of Appellate Procedure, which gives the circuit court discretion in determining whether or not to award damages for frivolous appeals. 480 U.S. at 1, 107 S.Ct. at 967. This Court believes that section 768.72's elimination of the "short and plain statement" standard has much the same effect as the Alabama statute's elimination of the circuit's court discretion as to appellate damages. Far from altering substantive rights under state law, it alters the role of the Court itself in adjudicating the diverse parties' dispute.

ings. The Court cannot agree that these satellite procedures do not conflict with the liberal standards of Rule 8.[4]

The considerations that suggest that section 768.72 conflicts with Rule 8 suggest also that the statute conflicts with Rule 9(g). Rule 9(g) requires a specific statement of items of special damages, which include punitive damages.[5] The rule merely requires that the plaintiff set forth the special damages he seeks; at the pleading stage he need not proffer evidence sufficient to sustain the claim. *See Italiano v. Jones Chemicals, Inc.,* 908 F.Supp. 904, 907 (M.D.Fla.1995) ("Rule 9(g) requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense."). As with Rule 8, the conflict with section 768.72 arises from the fact that the statute in effect requires a satellite pleading to the court, requesting permission to plead a claim for punitive damages. Contrary to Rule 9(g), this pleading must proffer facts sufficient to support a punitive damages award. Rather than merely stating the special damages the plaintiff hopes to recover, as contemplated by Rule 9(g), section 768.72 requires the plaintiff essentially to survive a summary judgment-type inquiry on the issue of punitive damages at the pleading stage of the litigation. Thus, the Court sees a conflict between Rule 9(g) and section 768.72.

In summary, the Court finds that application of section 768.72 in federal court would upset the notice pleading system constructed by Rules 9(g) and 8(a). It would impose on federal plaintiffs pleading burdens heavier than the Supreme Court and Congress intended for them to carry, and require the Court to undertake screening procedures foreign to the scheme of the federal judiciary. Thus, the Court concludes under the first step of the *Hanna* analysis that a conflict exists between the federal rules and state statute.

This conclusion does not quite end the Court's analysis. A conflict between the fed-

---

**4.** Although Judge Hurley distinguishes the Eleventh Circuit's opinion in *Lundgren v. McDaniel,* 814 F.2d 600 (11th Cir.1987), the Court believes that *Lundgren* supports a finding that section 768.72 is procedural within the meaning of *Hanna.* In *Lundgren,* the court held that section 768.28(6) of the Florida Statutes, which imposes a six-month waiting period for suits against the State, could not bar a federal court from entertaining a suit filed less than six months after notice. 814 F.2d at 606. The court also assumed, without deciding, that the statute's waiting period was substantive, and would therefore require a district court to enter a protective order until expiration of the six months. *Id.* at 606. This distinction makes perfect sense to the Court. Of course, the state law which creates the cause of action may also specify the time at which the cause of action accrues. The state may not, however, dictate to the federal courts the procedures it must follow in conforming to this timing requirement. In section 768.72, the State has not merely stated that a claim for punitive damages does not accrue unless conditions X, Y, and Z are met. Rather, it has specified procedures that a trial court must follow in determining whether conditions X, Y, and Z (the common law prerequisites for punitive damages awards alluded to in *Doherty* ) have been met. This distinction between substance and procedure which underlay *Lundgren* finds equal application in the present case.

**5.** The federal courts have divided on the question of whether punitive damages are special damages within the meaning of Rule 9(g). *See Teel,* 953 F.Supp. at 1539(yes); *Southern Pacific Transportation Co. v. Builders Transport, Inc.,* 1993 WL 232058 * 4 (E.D.La.) (no); *Hilyard v. Olsen,* 1991 WL 268840 * 1 (D.Kan.) (yes); *Jones v. Wal–Mart Stores, Inc.,* 1991 WL 236503 * 2 (S.D.Fla.) (yes); *Citron,* 721 F.Supp. at 1261(yes); *Nal II, Ltd. v. Tonkin,* 705 F.Supp. 522 (D.Kan.1989); *Nelson v. G.C. Murphy Co.,* 245 F.Supp. 846, 847 (N.D.Ala.1965) (no). The Court has located no Eleventh Circuit case resolving this issue. Nonetheless, the Court believes that the Eleventh Circuit would probably follow what appears to be the majority position in the Southern District of Florida and hold that punitive damages must be specifically pled. In *Great American Indemnity Co. v. Brown,* 307 F.2d 306, 308 (5th Cir.1962), the court held that the purpose of Rule 9(g) is "to inform defending parties as to the nature of the damages claimed in order to avoid surprise." Although special damages have sometimes been thought to comprise merely one subset of actual damages, *see Black's Law Dictionary* 392 (6th ed.1990) (defining special damages as "[t]hose which are the actual, but not the necessary, result of the injury complained of"), the Fifth Circuit's explanation of Rule 9(g) suggests that all non-obvious damages should be pled in the complaint. *C.f. PdP Parfums de Paris v. International Designer Fragrances, Inc.,* 901 F.Supp. 581, 585 (E.D.N.Y. 1995) ("Special damages are those that are not the necessary result of the complained of act...."). Accordingly, the Court holds that Rule 9(g) requires the specific pleading of punitive damages.

eral rule and the state statute might still be resolved in favor of the state statute if the Court were to determine that the federal rule was not constitutionally promulgated pursuant to the Rules Enabling Act. *Burlington Northern*, 480 U.S. at 5, 107 S.Ct. at 969–70. The Rules, however, arrive before the Court with a strong presumption of constitutionality. *Id.* at 6, 107 S.Ct. at 970. The Court sees no reason to doubt the constitutionality of Rules 8 or 9, and until someone convincingly rebuts their presumption of constitutionality, the Court will continue to follow them in preference to section 768.72. Accordingly, the Court holds that pleading requirements of section 768.72 do not bind federal litigants.

THE COURT has considered the motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that

1. Defendants' Motion to Strike Claims for Punitive Damages [**DE 36**] be, and the same is hereby **DENIED**;

2. Plaintiffs' Motion for an Extension of Time (filed June 3) be, and the same is hereby **DENIED AS MOOT.**