Bruce PRUETT and Janice
Pruett Plaintiffs,

v.

ERICKSON AIR–CRANE COMPANY; the Erickson Group, Ltd.; Jack A. Erickson; Tillamook Naval Air Station Museum; Estate of Jeffrey Lance Ethell, Jr. and Bettie Ethell Defendants.

No. CIV. 98–571–AA.

United States District Court,
D. Oregon.

Oct. 7, 1998.

Louis S. Franecke, Mack, Hazlewood & Franecke, San Francisco, CA, Keith A. Ketterling, Stoll, Stoll, Berne, Lokting & Shlachter, Portland, OR, for Plaintiffs.

Arden E. Shenker, Michael F. Van Hoomissen, Portland, OR, for Defendants.

## OPINION AND ORDER

AIKEN, Judge:

On May 5, 1998, plaintiffs filed a complaint alleging breach of contract, breach of lease, conversion, negligent care of property, negligent entrustment, and negligence on behalf of the pilot. On July 15, 1998, defendant Bettie Ethell moved to be dismissed from this lawsuit, and on July 17, 1998, all defendants moved to strike and for a more definite statement.

Plaintiffs owned a P–38L aircraft and contracted with defendants Jack A. Erickson and Erickson Air Crane Company (Air Crane) for the restoration of plaintiffs' aircraft. Plaintiffs also entered into a lease agreement with defendants The Erickson Group (the Group) and Tillamook Naval Air Station Museum (the Museum). On June 6, 1997, the aircraft crashed while in the possession and control of defendants. The pilot, Jeffrey Lance Ethell, Jr., died in the crash.

## STANDARDS

Under Fed.R.Civ.P. 12(b)(6), dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir.1983).

## DISCUSSION

A. Applicability of Oregon's punitive damages statutes

Defendants move to strike plaintiffs' request for punitive damages, relying upon Or. Rev.Stat. § 18.535 which prohibits pleading punitive damages in an initial complaint filed in state court. Defendants rely on *Teel v. United Technologies Pratt & Whitney*, 953 F.Supp. 1534 (S.D.Fla.1997) to argue that in jurisdictions with state punitive damages statutes, the initial pleading of punitive damages in federal court is improper until a subsequent appropriate showing is made to permit the punitive damages claim to go forward.

Contrary to defendants' assertions, the court finds that *Teel* is not the most recent case on point, and that the law in this area is undecided.[1] In *Tutor Time Child Care Sys-*

---

1. *See Oakes v. Halvorsen Marine, Ltd.*, 179 F.R.D. 281 (C.D.Cal.1998) (finding California Civil Code § 3295, which contains discovery provisions similar to Or.Rev.Stat. § 18.535, inapplicable in federal diversity cases), *Jackson v. East Bay Hospital*, 980 F.Supp. 1341 (N.D.Cal.1997) (reaching same result as *Oakes* ), *Hamm v. American Home Products Corp.*, 888 F.Supp. 1037 (E.D.Cal.1995) (reaching same result as *Oakes* ); *but see Neill v. Gulf Stream Coach, Inc.*, 966 F.Supp. 1149 (M.D.Fla.1997) (finding Florida's punitive dam-ages statute applicable to federal diversity cases), *Fournier v. Marigold Foods, Inc.*, 678 F.Supp. 1420 (D.Minn.1988) (finding Minnesota's punitive damages statute applicable to federal diversity cases), *RTC Mortgage Trust v. Fidelity National Title Insurance Co.*, 981 F.Supp. 334 (finding New Jersey's affidavit of merit statute applicable to federal diversity cases, but noting in dicta that Florida's punitive damages statute may conflict with federal law).

*tems, Inc. v. Franks Investment Group, Inc.,* 966 F.Supp. 1188 (S.D.Fla.1997), Judge Ryskamp noted that the judges of Florida's southern district have reached differing conclusions as to whether state punitive damages statutes conflict with the Federal Rules of Civil Procedure. *Id.* at 1190. After a review of relevant case law, including the Findings and Recommendations of U.S. Magistrate Judge Stewart in *Hand v. Meyer,* CV–96–92–ST, I am persuaded that Or.Rev. Stat. § 18.535 conflicts with the Federal Rules and therefore does not apply to federal diversity cases.

■■■ Federal courts sitting in diversity cases apply federal procedural law and state substantive law. *Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Because the line between procedural and substantive law is sometimes difficult to draw, conflicts sometimes arise between state law which is arguably substantive and federal law which is arguably procedural. *Hamm v. American Home Products Corporation,* 888 F.Supp. 1037, 1038 (E.D.Cal. 1995). When a potential conflict exists between state and federal law, the first inquiry under the *Hanna* analysis is whether the state law conflicts with some federal statute or rule. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 750, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980).

The Federal Rules of Civil procedure govern all civil actions in federal district courts. Fed.R.Civ.P. 1. The Federal Rules must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id.* To further that purpose, Fed.R.Civ.P. 8(b)(2) requires that a pleading provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 9(g) requires that "[w]hen items of special damages are claimed, they shall be specifically stated." Fed.R.Civ.P. 26(b)(1) allows discovery on any matter "not privileged, which is relevant to the subject matter involved in the pending action." These rules combine to create a uniform mechanism for administering justice in federal courts.

■■ Or.Rev.Stat. § 18.535 [2] directly affects the procedural functioning of federal courts. It forbids parties from pleading punitive damages in their initial complaint and requires plaintiffs to request leave to amend their pleadings and make an evidentiary and factual showing sufficient to avoid a directed verdict. Additionally, the statute requires federal judges to hold hearings and issue opinions within strict, predetermined time limits. If judges fail to issue opinions within the required time limits, the statute requires that the motion be denied, regardless of its merits. Furthermore, the statute limits the scope of discovery by prohibiting discovery on defendant's net worth until a sufficient showing under Or.Rev.Stat. § 18.535 has been made.

In contrast, the Federal Rules permit a plaintiff to pray for punitive damages in their complaint and then seek discovery on defendant's conduct and ability to pay. Fed. R.Civ.P. 8, 9, and 26. Additionally, the Federal Rules give judges discretion to set the timetable of court proceedings. Fed.R.Civ.P. 16. The Federal Rules are designed to bring

---

**2.** Or.Rev.Stat. § 18.535 provides as follows:

(1) A pleading in a civil action may not contain a request for an award of punitive damages except as provided in this section. (2) At the time of filing a pleading with the court, the pleading may not contain a request for an award of punitive damages. At any time after the pleading is filed, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages. The party making the motion may submit affidavits and documentation supporting the claim for punitive damages. The party or parties opposing the motion may submit opposing affidavits and documentation. (3) The court shall deny a motion to amend a pleading made under the provisions of this section if the court determines that the affidavits and supporting documentation submitted by the party seeking punitive damages fail to set forth specific facts supported by admissible evidence adequate to avoid the granting of a motion for a directed verdict to the party opposing the motion on the issue of punitive damages in a trial of the matter. (4) The court shall conduct a hearing on a motion filed under this section not more than 30 days after the motion is filed and served. The court shall issue a decision within 10 days after the hearing. If no decision is issued within 10 days, the motion shall be considered denied. (5) Discovery of evidence of a defendant's ability to pay shall not be allowed by a court unless and until the court grants a motion to amend a pleading under this section.

about uniformity in federal courts by getting away from local rules, "especially in areas which federal courts have traditionally exerted strong inherent power." *Hanna,* 380 U.S. at 472–73, 85 S.Ct. 1136 (internal quotation omitted). The *Erie* doctrine and its progeny in no way threaten this "long-recognized power of Congress to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." *Id.*

Fed.R.Civ.P. 8(a) enunciates the liberal notice pleading concept of the Federal Rules by requiring that a plaintiff provide a short and plain statement of the claim showing s/he is entitled to relief and a demand for the relief sought. These minimal pleading requirements would be frustrated if the court were forced to say that, while the pleading requirements of the Federal Rules are met, the plaintiff must now make a factual and evidentiary showing that they are entitled to punitive damages before being permitted to pray for punitive damages.[3]

Similarly, Fed.R.Civ.P. 9(g) permits pleadings to include claims of special damages and requires such claims be specifically stated. Under that rule, a plaintiff need not offer evidence sufficient to sustain the claim before pleading special damages. *Tutor Time Child Care Systems,* 966 F.Supp. at 1192.[4] In contrast, Or.Rev.Stat. § 18.535 requires plaintiff to make an evidentiary showing sufficient to withstand a directed verdict before plaintiff may plead punitive damages. Application of Or.Rev.Stat. § 18.535 to federal courts would create a direct conflict with Fed.R.Civ.P. 9(g).

The state statute also conflicts with the Federal Rules' liberal discovery scheme. Fed.R.Civ.P. 26 permits discovery of "any matter not privileged, which is relevant to the subject matter involved." The Federal Rules permit discovery of financial information relevant to punitive damages claims even if such information may not be admissible at trial. *CEH, Inc. v. FV "Seafarer",* 153 F.R.D. 491 (D.R.I.1994). Additionally, one of the purposes of broad discovery is to encourage settlement. *Id.* Permitting discovery of the parties' ability to pay may facilitate settlement and avoid protracted litigation. *Id.* If defendants wish to protect their financial documents and can show good cause why discovery ought not proceed, the court may issue a protective order. Fed.R.Civ.P. 26(c).

In contrast to the Federal Rules broad discovery scheme, Or.Rev.Stat. § 18.535 prohibits discovery of a defendant's ability to pay until a motion under that statute has been granted. That prohibition directly conflicts with the procedures of the Federal Rules' discovery mechanisms. In an extreme case, a plaintiff may not develop evidence sufficient to prevail in a motion under Or. Rev.Stat. § 18.535 until discovery has concluded and trial is set to begin. In that case, a plaintiff will be forced to conduct discovery in a short time or a judge may be forced to postpone trial until discovery may be had. Such a disruption in federal court proceedings conflicts with the Federal Rules' ability to "secure the just, speedy, and inexpensive determination" of the claims. Fed.R.Civ.P. 1.

The Federal Rules determine when a party may plead its prayer for relief and what subject matter may be pursued in discovery. If courts allowed state legislatures to insert procedural devices into federal courts to further states' substantive goals, uniformity among federal courts would be disrupted and the sovereign functioning of the federal judiciary system may be jeopardized.

Because the Federal Rules are sufficiently broad to cause a direct collision with the

---

3. Such a requirement also appears to contradict the Supreme Court's holding in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). There, the Court noted that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim." *Leatherman,* 507 U.S. at 168, 113 S.Ct. 1160 (internal citation omitted). Instead, a claimant need only provide a short and plain statement of their claim to give defendants fair notice of the claim and the grounds upon which the claim rests. *Id.*

4. No guidance appears to exist in the Ninth Circuit as to the requirements of Fed.R.Civ.P. 9(g) and so the court looks to other authority. *Isuzu Motors Limited v. Consumers Union of United States, Inc.,* 12 F.Supp.2d 1035, 1047 (C.D.Cal.1998).

state punitive damages statute, analysis under *Erie* is inappropriate. *Hanna,* 380 U.S. at 469–70, 85 S.Ct. 1136. Instead, the next inquiry is whether the conflicting Federal Rules were promulgated within the scope of the Rules Enabling Act and are otherwise constitutional. *Id.* at 470–71, 85 S.Ct. 1136.

The Federal Rules of Civil Procedure are presumed to be constitutionally valid. *Burlington Northern R. Co., v. Woods,* 480 U.S. 1, 6, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987). Defendant has not argued and the court has found no authority to suggest that the Federal Rules are unconstitutional. Therefore, the court finds that the Federal Rules have been promulgated within the scope of the Rules Enabling Act and are constitutional. Accordingly, the court holds that Or.Rev.Stat. § 18.535 does not apply to litigants in federal diversity cases and, therefore, defendants' motion to strike is denied.

### B. Tax Consequences

■ The question of whether tax consequences can constitute an element of damages is a question of state law. *See Oddi v. Ayco Corp.,* 947 F.2d 257, 268 (7th Cir.1991). Under Oregon contract law, the nonbreaching party may recover "all those damages contemplated by the parties which are a natural and proximate result" of the breach. *Senior Estates, Inc. v. Bauman Homes, Inc.* 272 Or. 577, 584, 539 P.2d 142, 145 (1975). The general principle in contract claims is to put the injured party in the same position as s/he would have been in absent a breach. *Shook v. Travelodge of Oregon, Inc.,* 63 Or. App. 137, 144, 663 P.2d 1280, 1285 (1983), *rev. denied,* 295 Or. 541, 668 P.2d 384 (1983). In conversion claims, a party may recover the reasonable market value of the property at the time of conversion. *State of Oregon v. Wise,* 150 Or.App. 449, 455, 946 P.2d 363, 366 (1997) (citation omitted); *see also, Hall v. Work,* 223 Or. 347, 361–62, 354 P.2d 837, 843–44 (1960) (noting that other measures may be used if no market value exists for the converted property). Additionally, all damages which are the direct and natural result of the

conversion may be recovered. *Fredeen v. Stride,* 269 Or. 369, 372–73, 525 P.2d 166, 168 (1974). Finally, in negligence actions, a plaintiff may recover all damages which are substantially caused by a defendant's negligence. *Simpson v. Sisters of Charity of Providence in Oregon,* 284 Or. 547, 559, 588 P.2d 4, 12 (1978).

■ The issue then, is whether an Oregon court would allow recovery for the tax consequences arising from defendant's conduct. This question has not been addressed by an Oregon court[5], and so, in addition to reviewing Oregon contract, tort, and conversion law, the court looks to other jurisdictions for guidance.

While courts generally do not increase damages to compensate for expected tax liability, courts have adopted a pragmatic approach in addressing this issue. *Oddi,* 947 F.2d at 267. In *Beggs v. Dougherty, Overseas, Inc.,* 287 F.2d 80 (2nd Cir.1961), the court allowed recovery for lost tax benefits because those benefits were an essential issue in the contract and, therefore, was in the minds of the parties during contract. In *Ehly v. Cady,* 212 Mont. 82, 687 P.2d 687 (1984), the Montana Supreme Court allowed plaintiff to recover damages for the loss of a tax credit because both parties to the contract knew that plaintiff entered the contract in part to gain the tax credit. The court, however, refused to allow recovery on the tax which plaintiff would be forced to pay on his award for the tax credit. *Ehly* permitted recovery for lost tax benefits, but denied recovery for tax burdens which would be imposed upon the judgment.

*Oddi* questioned the wisdom of denying plaintiff's claim for taxes to be paid on his award for the tax credit. Instead, *Oddi* held that a district court acts within its discretion when it allows a party to recover for taxes which will be incurred upon winning a judgment. The court in *Medcom v. Baxter Travenol,* 106 F.3d 1388 (7th Cir.1997), agreed

---

**5.** In *Geris v. Burlington,* 277 Or. 381, 561 P.2d 174 (1977), the Oregon Supreme Court allowed tax consequences to be included in a damage award. However, the court was addressing an issue of federal law and, therefore, offers no insight into Oregon law.

with *Oddi* that a party may seek to increase an award to reflect tax effects.[6]

The court finds that tax liability may constitute an element of damages. Plaintiffs may recover damages arising from tax liabilities if they are a natural and proximate result of the breach, direct and natural result of the conversion, or substantially caused by defendants' negligence.

Plaintiffs bear the burden of proving their expected tax consequences, and the court will deny recovery if plaintiffs' claims are speculative. Defendants' may refute plaintiffs' claims and present evidence to the contrary. Additionally, defendants may seek to offset tax damages by demonstrating tax consequences beneficial to plaintiffs, such as a tax deduction for casualty loss. Furthermore, in the event that defendants can demonstrate that plaintiffs would have paid capital gains or other taxes even absent defendants' breach (for example, upon sale of the aircraft), then plaintiffs will not be compensated for capital gains taxes imposed upon a judgement award. These are all questions for trial, therefore, defendants' motion to strike plaintiffs' claims for tax liabilities is denied.

### C. Bettie Ethell's Motion to Dismiss

■ Plaintiffs' claim that Ms. Ethell was the wife of Jeffrey Lance Ethell, Jr. and was legally responsible for his actions and for the actions complained of in the complaint. Taking as true the fact that Ms. Ethell was the wife of Mr. Ethell, that fact does not provide a sufficient basis for finding Ms. Ethell liable for her husband's conduct.

Plaintiffs' memorandum in opposition to Ms. Ethell's motion to dismiss adds little to plaintiffs' allegations. Plaintiffs claim that Mrs. Ethell was present when the activities leading to the destruction of plaintiffs' property took place. Again, assuming this fact as true, the court sees no basis for liability in this allegation.

Construing plaintiffs' complaint in their favor and accepting all of plaintiffs' allegations as true, the court finds that plaintiff has alleged no set of facts to support their claim

that they are entitled to relief. Ms. Ethell has established that, on the face of plaintiffs' complaint, no material fact regarding her liability remains to be resolved. Therefore, Ms. Ethell's motion to dismiss under Rule 12(b)(6) is granted without prejudice. The court grants plaintiffs' leave to refile at a later date upon alleging a set of facts which would provide a sufficient basis for finding Ms. Ethell liable.

### D. Motion to Strike Plaintiffs' Seventh Cause of Action

Defendants move this court to dismiss plaintiffs' Seventh Cause of Action because no cause of action exists. The court agrees, and plaintiffs' Seventh Cause of Action is dismissed. Plaintiffs are granted leave to amend their pleading to reallege the factual and legal allegations of their Seventh Cause of Action in appropriate sections of the complaint.

### E. Motion for a More Definite Statement

Defendants' request plaintiffs provide a more definite statement regarding paragraphs 46 and 47. Because the court is granting defendants' motion to strike these paragraphs, defendants' request for a more definite statement ordinarily would be moot. However, because the court is granting plaintiffs leave to insert the factual allegations of paragraphs 46 and 47 elsewhere, the court addresses the definiteness of those allegations. The facts are sufficiently specific enough to apprise defendants of the substance of plaintiffs claim and further detail is obtainable through discovery. Therefore, defendants' motion for a more definite statement is denied.

### CONCLUSION

Defendants' motion to strike (doc. 16) is denied. Defendant Bettie Ethell's motion to dismiss (doc. 14) is granted without prejudice to plaintiffs' who may refile their complaint with a showing beyond Ms. Ethell's marriage to Mr. Ethell and her presence during various activities leading up to the crash.

---

6. *Medcom* held that the district court did not abuse its discretion in finding that the plaintiff failed to carry its burden of showing that he would be liable for the taxes at issue.

Defendants' motion to dismiss plaintiffs' seventh cause of action (doc. 16) is granted. Plaintiffs are granted leave to amend their pleadings so that the allegations of their Seventh Cause of Action are inserted elsewhere in the complaint. Defendants' motion for a more definite statement (doc. 16) is denied.

Defendant Estate of Jeffrey Lance Ethell's motion (doc. 15) and the motion of Bettie Ethell, (doc. 14), to join the motion of codefendants Erickson AirCrane Company, The Erickson Group Ltd, Jack A. Erickson, and Tillamook Naval Air Station Museum (doc. 16) are granted.

IT IS SO ORDERED.